JOANOS, Judge.
By petition for writ of common law certio-rari, we are asked to review a final order of the Circuit Court of Duval County granting a writ of certiorari and quashing an administrative order issued by the Jacksonville Civil Service Board. We have jurisdiction of this cause pursuant to Article V, section 4(b)(3), of the Florida Constitution, and Florida Rule *236 of Appellate Procedure 9.030(b)(2)(b). We grant the petition for writ of certiorari, and quash the decision of the circuit court.
Petitioner was employed as a deputy sheriff and police officer for the City of Jacksonville. On October 4,1994, the Sheriffs Office gave petitioner a letter bearing the caption: “Notice of Immediate Suspension Without Pay/Termination to Follow.” A copy of the charges with supporting documentation was attached to the notice. On November 1, 1994, an evidentiary hearing was held before the Jacksonville Civil Service Board. Based upon its review of the evidence, the board found the immediate suspension proposed by the Sheriffs Office was not warranted, and rather than termination, the Civil Service Board recommended a suspension of thirty working days. As reasons therefor, the board relied upon: (1) petitioner’s satisfactory evaluations and commendations; (2) evidence that other officers guilty of the same violation had been suspended rather than terminated; (3) petitioner’s willingness to respond to calls for assistance; (4) due to the accident, petitioner was in a confused state of mind when he made two false entries on the accident report.
The Sheriffs Office petitioned the circuit court for certiorari review of the board’s order. After a review of the record, the circuit court determined the disciplinary action taken by the Sheriff was supported by substantial evidence and regulations. Based upon its determination, the circuit court reversed the decision of the Civil Service Board and remanded with directions to affirm the termination of petitioner’s employment with the Jacksonville Sheriffs Office.
Circuit court review of an administrative agency decision under Florida Rule of Appellate Procedure 9.030(c)(3) is governed by a three-part standard of review: (1) whether procedural due process has been accorded; (2) whether the essential requirements of law have been observed; and (3) whether the administrative findings and judgment are supported by competent substantial evidence. Haines City Community Development v. Heggs, 658 So.2d 523, 530 (Fla.1995). In such review, the circuit court functions as an appellate court, “and, among other things, is not entitled to reweigh the evidence or substitute its judgment for that of the agency.” Id. See also Education Development Center, Inc. v. City of West Palm Beach Zoning Board of Appeals, 541 So.2d 106, 108 (Fla.1989); City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982); Department of Highway Safety and Motor Vehicles v. Favino, 667 So.2d 305 (Fla. 1st DCA 1995).
The district court standard for certio-rari review of a circuit court’s ruling on a decision by an administrative agency is “limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law.” Haines City Dev. v. Heggs, 658 So.2d at 530. The term “applied the correct law” is synonymous with “observing the essential requirements of law.” Id.
While this case does not present a procedural due process question, we conclude the circuit court improperly reweighed the evidence and substituted its judgment for that of the administrative agency. The opinion issued by the circuit court indicates the court failed to determine whether the record contains competent substantial evidence to support the decision of the civil service board. Instead, it appears the circuit court reviewed the record to determine whether the Sheriffs proposed discipline was supported by competent substantial evidence. In doing so, the circuit court failed to perform its proper review function. This failure to apply the correct standard of review constitutes a failure to apply the correct law.
Accordingly, we grant the writ, quash the order of the circuit court, and remand for a redetermination of the propriety of the decision of the civil service board, applying the correct standard of review.
MICKLE and VAN NORTWICK, JJ., concur.