PER CURIAM.
Petitioner, Daniel G. Castilleja, seeks certiorari review of the circuit court decision overturning the Jacksonville Civil Service Board’s finding that the discipline imposed by the Sheriff was inconsistent with the charter of the City and manifestly unjust. We affirm the circuit court determination with respect to the issue of entitlement to back pay, but quash the order overruling the Board’s decision and reinstating the discipline imposed by the Sheriff.
On March 11,1994, while off duty and in his personal vehicle, petitioner, Daniel G. Castilleja, a Jacksonville police officer, attempted to pass another vehicle. As he went around the first vehicle, a second vehicle made a sudden left hand turn in front of him. Swerving to avoid a crash, Castilleja hit and damaged an unattended fence and sign at the Townsend Road Trailer Park. Castilleja left the scene and did not report the incident to authorities nor did he provide statutorily required information to the trailer park management or owners.
The following morning, in response to a citizen’s identification of the tag number of the vehicle that struck the fence and sign, Jacksonville police investigated the matter and discovered the tag number identified by the witnesses was that of a vehicle belonging to Castilleja. When questioned by the other officers, Castilleja initially denied any knowledge of the event, but within an hour and a half, he admitted that he had lied to the officers, and was in fact *336 involved in the accident. Castilleja was given two non-criminal traffic citations: one for leaving the scene without providing information, and one for careless driving.
The Jacksonville Sheriffs Office initiated disciplinary action against Castilleja on June 21, 1994, charging him with violations of six separate provisions of the Civil Service Rules and Regulations and the Jacksonville Sheriffs General Orders. Castilleja was given a notice of immediate suspension with termination to follow.
The Jacksonville Civil Service Board reviewed the disciplinary action taken by the Sheriff at Castilleja’s request, and after a full evidentiary hearing, the Board determined that the discipline imposed by the Sheriff was inconsistent with the charter of the City and manifestly unjust under the circumstances. The Jacksonville Sheriffs Office filed a petition for writ of certiorari in the circuit court seeking review of the Civil Service Board’s order holding the termination of petitioner to be manifestly unjust. Following oral argument, the circuit court issued an opinion finding that the Board’s decision was not supported by competent substantial evidence and violated the essential requirements of law. Cas-tilleja now petitions this court for certiora-ri review of the decision of the circuit court, claiming the circuit court has improperly reweighed the evidence and substituted its decision for that of the Jacksonville Civil Service Board. We agree.
STANDARD OF REVIEW
We first note that as one proceeds up the ladder through the appellate process, the review afforded at each step becomes progressively more narrow. In the instant case, the circuit court’s proper scope of review was limited to a determination of (1) whether due process was afforded by the Board, (2) whether the essential requirements of the law were observed, and (3) whether the findings of fact and conclusions of law were supported by competent substantial evidence. See Haines City Community Development v. Heggs, 658 So.2d 523 (Fla.1995). This court’s proper scope of review includes only whether the circuit court provided procedural due process and whether the circuit court observed the essential requirements of law. In the instant case, no issue has been raised with respect to procedural due process, so our review is limited to whether the circuit court observed the essential requirements of law.
REVIEW OF THE CIVIL SERVICE BOARD DECISION
This case presents remarkably similar circumstances to the case of Netz v. Jacksonville Sheriffs Office, 668 So.2d 235 (Fla. 1st DCA 1996). In Netz, the petitioner was employed by the Jacksonville Sheriffs Office, and was given a letter of immediate suspension and pending termination. An evidentiary hearing was held before the Jacksonville Civil Service Board. Based upon its review of the evidence, the Board determined that immediate suspension was not warranted, and rather than termination, the Board recommended a suspension of thirty working days. The circuit court reversed the decision of the Board after a review of the record. This court held on review of Netz that the circuit court had improperly reweighed the evidence and substituted its judgment for that of the administrative agency, stating:
The opinion issued by the circuit court indicates the court failed to determine whether the record contains competent substantial evidence to support the decision of the civil service board. Instead, it appears the circuit court reviewed the record to determine whether the Sheriffs proposed discipline was supported by competent substantial evidence. In doing so, the circuit court failed to perform its proper review function. The failure to apply the correct standard of review constitutes a failure to apply the correct law.
668 So.2d at 236. Upon consideration of the petition and record, and the arguments *337 on appeal, we are persuaded that the circuit court in the instant case has made the same error as in Netz. Rather than reviewing the record to determine whether the Board’s actions are supported by competent substantial evidence, the circuit.court reviewed the record to determine if the Sheriff’s decision was supported by competent substantial evidence. Although the court’s opinion at one point correctly stated the appropriate standard for its review of the Board’s decision, it appears that the court departed from this standard in its ensuing analysis, as evidenced both by its factual discussion and legal conclusions and by the inaccurate observation that “[t]he primary issue for this court’s consideration is whether the Board could lawfully substitute a 30 working day (42 day) suspension in lieu of dismissal, or stated differently, whether the dismissal was manifestly unjust under the circumstances.” (Emphasis added.) In so doing, rather than fulfilling its appellate role in reviewing the decision of the Board, the circuit court effectively sat as a new Board, reweighing the evidence presented in the case and substituting its opinion for that of the Board. This was error, and we quash the opinion of the circuit court to the extent that it replaced the Board’s determination that the disciplinary action was inconsistent with the charter of the City and manifestly unjust under the circumstances.
WAIVER OF BACK PAY AND BENEFITS
The circuit court properly limited its review of the waiver of back pay and benefits to consideration of whether the Board’s determination comported with the essential requirements of law and was supported by competent substantial evidence stating:
The Board further violated the essential requirements of law in its Order where it set aside the immediate suspension and retroactively ordered reinstatement of Castilleja. The record was perfectly clear that Castilleja and his lawyer knowingly and voluntarily waived Castil-leja’s rights to pay during the time from the suspension to the hearing in order to obtain continuances of the hearing. Nowhere in the record does Castilleja ever request the relief the Board gratuitously awarded ... The record is absent any support for the Board’s decision to award waived benefits..
The circuit court concluded that the record was devoid of support for the Board’s determination that back pay should be awarded, and that the decision was contrary to the law, citing Thomas Cooper v. Office of the Sheriff, Case No. 95-8 AP, Circuit Court, Duval County,. Florida (1995). In Cooper, the circuit court held the outcome of the trial for which the stipulation was sought and secured does not affect the validity of that stipulation, therefore petitioner was not entitled to any back pay during the period covered by the .stipulation. We agree.
The fact that Castilleja was retroactively reinstated does not affect the validity of the delay he sought and secured in exchange for the postponement of the proceedings before the Civil Service Board; therefore the waiver should be effective from the time of suspension on June 21, 1994 until the Board’s determination and reinstatement on November 29, 1994. As the Third District Court of Appeal stated in City of Miami v. Kellum, 147 So.2d 147(Fla. 3d DCA 1962):
An employee seeking pay for a period that he did not serve should be required to show that the suspension was illegal and that he diligently pursued his rights at every stage in the proceedings. To hold otherwise penalizes the public and rewards the unworthy.
Castilleja’s request for postponement rather than proceeding in the time provided under the Civil Service Rules should not now result in his being compensated for time that he did not work, nor should it result in additional expense to his employer by having to pay salaries for two em *338 ployees during his delay. Castilleja’s “bargain” of salary and benefits for postponement clearly contemplated only the delay of the Board proceeding, however, not the additional delay resulting from the appeal of the Sheriff.
We therefore affirm the decision of the circuit court with respect to Castilleja’s entitlement to back pay, and we quash that part of the opinion and order of the circuit court reversing the Board’s finding of manifest injustice and reinstating Castille-ja’s suspension and dismissal. The case is remanded for reconsideration and review under the standards indicated above, and for entry of a further opinion and decision consistent with this opinion.
ERVIN and ALLEN, JJ., and SMITH, LARRY G., Senior Judge, concur.