708 So.2d 327 (1998)
Barry MANCHER, Appellant,
v.
SEMINOLE TRIBE OF FLORIDA, INC., a federal corporation, and Seminole Management Associates, Ltd., a Florida Limited Partnership, Appellees.
No. 96-3889.
District Court of Appeal of Florida, Fourth District.
April 1, 1998.
*328 Daniel J. Santaniello of Luks, Koleos & Santaniello, P.A., Fort Lauderdale, for appellant.
Edward D. Schuster of Kessler, Massey, Catri, Holton and Kessler, Fort Lauderdale, and Donald A. Orlovsky of Kamen & Orlovsky, P.A., West Palm Beach, for appellees.
RAMIREZ, JUAN, Jr., Associate Judge.
This is an appeal from an order dismissing Plaintiff's complaint against the Seminole Tribe of Florida, Inc., for lack of subject matter jurisdiction. We reverse.
Plaintiff filed a complaint against Seminole Tribe of Florida, Inc. ("Seminole Tribe, Inc.") and its agent, Seminole Management Associates, Ltd., alleging that Seminole Tribe, Inc. employed him at a bingo hall operated by them. Plaintiff claimed that as his employer, Seminole Tribe, Inc. negligently hired supervisors who harassed him, slandered him, falsely imprisoned him, maliciously prosecuted him, and violated his civil rights. Plaintiff also alleged that Seminole Tribe, Inc. was subject to the jurisdiction of Florida courts as a federal corporation conducting business in the county of Broward which had waived its sovereign immunity for corporate activities.
Seminole Tribe, Inc. moved to dismiss the complaint for lack of subject matter jurisdiction. In support of its motion to dismiss, it filed sworn affidavits from key members of the Seminole tribe, asserting that the defendant Seminole Tribe, Inc. is a separate and distinct entity from the Seminole Tribe of Florida, the governmental entity which was not named as a defendant. The affiants attested that the governmental entity owned and operated the bingo hall at which Plaintiff was employed and that the corporate entity had no connection whatsoever to the bingo hall where Plaintiff worked.
The defendant also argued that both entities were protected from suit by sovereign immunity. Plaintiff offered no counter-affidavits. After a hearing, the trial court determined that it did not have subject matter jurisdiction over the Seminole Tribe, Inc.
A motion to dismiss a complaint is not a motion for summary judgment in which the court may rely on facts adduced in depositions, affidavits, or other proofs. See Jordan v. Griley, 667 So.2d 493 (Fla. 3d DCA 1996). A motion to dismiss based on lack of subject matter jurisdiction may properly go beyond the four corners of the complaint when it raises solely a question of law. See Houghtaling v. Seminole Tribe of Fla., 611 So.2d 1235 (Fla.1993); Seminole Police Dept. v. Casadella, 478 So.2d 470, 471 (Fla. 4th DCA 1985). The questions presented in this case were inherently factual, not legal.
We recognize that a court may consider affidavits when determining a motion to dismiss under very limited circumstances. These include a challenge of personal jurisdiction, Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989); venue, Merrill Lynch, Pierce, Fenner & Smith, Inc. v. National Bank of Melbourne & Trust Co., 238 So.2d 665 (Fla. 4th DCA 1970); the sufficiency of service of process, Viking Superior Corp. v. W.T. Grant Co., 212 So.2d 331 (Fla. 1st DCA 1968); forum non conveniens, Ciba-Geigy Ltd. v. Fish Peddler, Inc., 691 So.2d 1111, 1121 (Fla. 4th DCA), rev. denied, 699 So.2d 1372 (Fla.1997); and, finally, subject matter jurisdiction, Barnes v. Ostrander, 450 So.2d 1253 (Fla. 2d DCA 1984) (involving § 61.1318(2), Fla. Stat. (1983), designed to discourage forum shopping where there is a child custody decree of another state). Here, the motion to dismiss contends that the improper party was sued and that Seminole Tribe, Inc. enjoys sovereign immunity. These issues are not amenable to resolution by motion to dismiss because there are disputed *329 factual questions. The motion itself relies on matters outside the scope of the pleadings.
The other issue raisedwhether Plaintiff sued the wrong defendantcannot be considered in a motion to dismiss because such a motion must generally be premised only upon the four corners of Plaintiff's complaint. Here, the defendants cannot prove their argument without going beyond the four corners of the complaint. See Holland v. Anheuser Busch, Inc., 643 So.2d 621 (Fla. 2d DCA 1994).
The issue of whether sovereign immunity bars a complaint should likewise be addressed "by answer and affirmative defenses." Lewis v. Edwards, 661 So.2d 1237, 1237 (Fla. 4th DCA 1995). In fact, in Houghtaling, 611 So.2d at 1237-40, the Florida Supreme Court approved the dismissal of a suit against a tribal entity, but remanded to allow the plaintiff to establish whether the tribe had expressly consented to suit in its organizational charter or corporate charter. Here, Plaintiff's complaint has alleged such consent and the issue is best resolved by summary judgment, not by motion to dismiss.
Accordingly, we reverse the trial court's order of dismissal without prejudice for Seminole Tribe, Inc. to raise its arguments in a motion for summary judgment.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
GUNTHER and SHAHOOD, JJ., concur.