715 So.2d 954 (1998)
Leo Wendall COWDER, III, Lisa Boric, and Roger Breeden, Appellants,
v.
HILLSBOROUGH COUNTY, Florida, Appellee.
No. 97-02053.
District Court of Appeal of Florida, Second District.
April 17, 1998.
*955 John W. Hoft, Jr., Tampa, for Appellants.
Christine M. Beck, Senior Assistant County Attorney, Tampa, for Appellee.
PATTERSON, Judge.
The appellants, Leo Cowder, Lisa Boric, and Roger Breeden, challenge the dismissal, with prejudice, of their second-amended complaint seeking declaratory relief and class action damages. We reverse.
This dispute pertains to the Court Improvement Fund of Hillsborough County, which this court held to be unconstitutional in Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). The appellants seek reaffirmation of this holding in their count for declaratory relief. Additionally, they each allege that they were required to contribute to this fund as a part of the disposition of their criminal charges in the Hillsborough County Courts and that such contribution was "involuntary." They seek refund of those amounts and the certification of a class action on behalf of all others who made like contributions.
The appellee, Hillsborough County, moved to dismiss the complaint. The trial court granted the motion, finding in its order "that the Plaintiffs paid the costs to the clerk of court, without objection or question in the court that addressed the cost, and did not appeal from the judgments imposed on them." Although these facts may ultimately prove to be true, they do not appear within the four corners of the complaint. The court may not transform a motion to dismiss into a motion for summary judgment. See Thompson v. Martin, 530 So.2d 495 (Fla. 2d DCA 1988). That is what occurred here. The complaint facially states a cause of action.[1]See City of Miami v. Keton, 115 So.2d 547 (Fla.1959). We therefore reverse and remand for further proceedings.
Reversed and remanded.
PARKER, C.J., and FULMER, J., concur.
NOTES
[1] In making this determination, we do not reach the question of whether this case may be properly prosecuted as a class action.