KAHN, J.
By petition for certiorari, we review an order of the Circuit Court for the Second Judicial Circuit, sitting in its appellate capacity, that reversed an order of the County Court of Franklin County. We grant the writ, and vacate the order below, because the circuit court departed from the essential requirements of law.
Petitioner Dan Reeves was the general contractor on a residential construction project in Franklin County. The Apalachicola State Bank held the proceeds of a construction loan on that project. Respondent Atkins was a subcontractor. Alleging that Reeves failed to make full payment on the subcontract, Atkins filed a complaint seeking to establish an equitable lien in order to recover the amount it alleged was due. Atkins sought an equitable lien because he had not fully complied with the requirements of Part I, Chapter 713, Florida Statutes.
Reeves and the Bank filed motions to dismiss the complaint. By an order of August 14, 1998, County' Judge Van Russell denied these motions to dismiss and set the matter for an “evidentiary hearing” as to “whether adequate grounds exist for an equitable lien in this matter.” The court then conducted a full hearing on August 19, 1998, In anticipation of a hearing, counsel for Atkins filed a notice to produce at trial, seeking a broad range of financial records from • Reeves. Counsel for Reeves filed a motion to quash the notice to produce.
At the hearing, counsel for Atkins made the following preliminary statements:
. I’ve read Ms. Sanders’ motion (to quash) and how this is supposed to be a preliminary hearing. - But it’s my understanding this is the final hearing here. And if we don’t prove what we need to prove
*1204 for an equitable lien, that will be dismissed.
4: # * * Hi #•
But, Your Honor, either way, whether we get that production or whether we don’t, I’m prepared to do the best I can to meet the burden that you said that I have to meet for the equitable lien.
‡ $ »i« ‡ ‡
I specifically did not ask for a jury trial, because I knew that this had to be expedited under the circumstances.
And I was also willing to have it be a bench trial or an evidentiary hearing to determine whether or not there was an agreement, whether there was a breach of that agreement, the money was owed, whether there was solvency or insolvency and whether or not Mr. Reeves could in fact get that lien against the undis-bursed construction loan funds.
My understanding is that if I don’t show you enough information today to prove misrepresentation occurred and solvency, then my equitable lien will be gone.
Atkins proceeded to argue his entitlement to production of financial records from Reeves. The court indicated that it was going to tentatively grant a ■ motion to quash the request for production of Reeves’ financial information, but would allow plaintiff to go forward and present his case and “let’s see what you’ve got.” The court indicated that if Atkins demonstrated some specific need for discovery, the matter could be continued. Counsel for Atkins then stated, “I will go forward with the evidence I have, and then certainly I will allow, whether it be at a closing or subsequent brief, Ms. Sanders every opportunity to look at that.” The parties then proceeded to conduct an evidentiary hearing on the question of entitlement to an equitable lien.
After the hearing the county judge entered an order in two parts. The first part of the order is styled “Order on Motion to Quash,” and grants Reeves’ motion to quash the notice to produce at trial. The second part of the order is styled “Order on Motions to Dismiss First Amended Complaint,” and “grants with prejudice defendant’s motions to dismiss as to plaintiffs entitlement to an equitable lien.”
Atkins appealed this order of the county court to the circuit court, sitting in its appellate capacity. All issues actually raised in that appeal are not revealed by the materials contained in the appendix filed by petitioners in this certiorari proceeding. The appellate order entered by the circuit court reversed the county court’s order, without elaboration, citing Cowder v. Hillsborough County, 715 So.2d 954 (Fla. 2d DCA 1998). Cowder, like many other Florida cases, holds that, on a motion to dismiss, the trial court must look only to the four corners of the complaint, and commits error by taking evidence, or otherwise resolving factual matters outside the confines of the well-pled allegations of the complaint. From this order of the circuit court, petitioners seek a writ of certiorari.
The issue before us is whether the circuit court deviated from the essential requirements of law when it reversed the county court’s order on the authority of Cowder v. Hillsborough County. We are convinced that such was, in fact, clear error and demonstrates a failure to follow the essential requirements of law. Although Cowder correctly states the law, it had no applicability to the situation presented to the county court at the evidentia-ry hearing.
Before the evidentiary hearing, the trial court had denied motions to dismiss filed by Apalachicola State Bank and by Reeves. The case then proceeded, without objection from any party, to an evidentiary hearing concerning the motion to quash production and the respondent’s entitlement to an equitable lien. As shown by the excerpts from that hearing, set out above, Atkins acquiesced in this practice and participated in the hearing by presenting evidence and exhibits. Although the *1205 trial court entered an order purporting to grant with prejudice the motions to dismiss as to respondent’s entitlement to an equitable lien, the court actually ruled on the merits after an evidentiary hearing. This ruling may or may not have been correct, and the same may be said about the trial court’s ruling concerning the motion to quash. The fact remains, however, that the circuit court applied the wrong law when it looked solely to the four-corners' standard after the parties voluntarily proceeded to an evidentiary hearing on the question of respondent’s entitlement to an equitable lien.
Certiorari review of the circuit court sitting in its appellate capacity is available to remedy a departure from the essential requirements of law:
[T]he phrase “departure from the essential requirements of law” should not be narrowly construed so as to apply only to violations which effectively deny appellate review or which pertain to the regularity of procedure. In granting writs of common-law certiorari, the district courts of appeal should not be as concerned with the mere existence of legal error as much as with the seriousness of the error. Since it is impossible to list all possible legal errors serious enough to constitute a departure from the essential requirements of law, the district courts must be allowed a large degree of discretion so that they may judge each case individually. The district courts should exercise this discretion only when there has been a violation of clearly established principle of law resulting in a miscarriage of justice ... The district courts should use this discretion cautiously so as to avert the possibility of common-law certiorari being used as a vehicle to obtain a second appeal.
Combs v. State, 436 So.2d 93, 95-96 (Fla.1983).
Relying upon the decision in Haines City Community Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995), this court has observed, “The term 'applied the correct law’ is synonymous with ‘observing the essential requirements of law.’ ” Netz v. Jacksonville Sheriff's Office, 668 So.2d 235, 236 (Fla.1st DCA 1996). When it uncritically adopted the traditional standard for a motion to dismiss, the circuit court failed to apply the correct law. See Brewer v. Clerk of the Circuit Court, 720 So.2d 602 (Fla. 1st DCA 1998).
Because the circuit court departed from the essential requirements of law, we GRANT the writ of certiorari, VACATE the order of reversal, and REMAND the case to the circuit court for further proceedings. On remand the circuit court may reach the merits of Atkins’ appeal.
ERVIN and MINER, JJ., concur.