758 So.2d 1173 (2000)
Brenda BARBADO, Appellant,
v.
GREEN & MURPHY, P.A., a Florida professional association, and State Farm Mutual Automobile Insurance Company, a foreign corporation, Appellees.
Nos. 4D98-3145, 4D98-3634 and 4D98-4031.
District Court of Appeal of Florida, Fourth District.
May 3, 2000.
*1174 Arnold R. Ginsberg of Ginsberg & Schwartz and Leeds & Colby, P.A., Miami, for Appellant.
Elizabeth K. Russo of Russo Appellate Firm, P.A., Miami, for Appellee State Farm Mutual Automobile Insurance Company.
Vanessa A. Reynolds of Conrad & Scherer, Fort Lauderdale, for Appellee Green & Murphy, P.A.
SHAHOOD, J.
Brenda Barbado appeals the dismissal of her complaint for professional negligence and breach of fiduciary duty against appellee, Green & Murphy, P.A., and for breach of contract against appellee, State Farm. In the final judgment, the trial court indicated that it had reviewed the court file and memoranda of law and had conducted independent research. No hearing was held on the motion; the trial court sua sponte dispensed with oral argument as noted in the final judgment. The court concluded that "[t]he allegations contained in Plaintiff's Second Amended Complaint are inconsistent with the record of the aforesaid file as well as the exhibits heretofore filed in the instant litigation." We agree with appellant that it was error for the trial court to review collateral materials in considering appellees' motion to dismiss.
A motion to dismiss tests the legal sufficiency of the complaint. Bess v. Eagle Capital, Inc., 704 So.2d 621 (Fla. 4th DCA 1997). A court may not go beyond the four corners of the complaint in considering the legal sufficiency of the allegations. Id.; Sigma Fin. Corp. v. Investment Loss Recovery Servs., Inc., 673 So.2d 572 (Fla. 4th DCA 1996); Fish v. Post of Amvets No. 85, 560 So.2d 337, 339 (Fla. 1st DCA 1990)("Where a complaint is dismissed based on extraneous evidence leading the judge to believe that the plaintiff is not entitled to relief, the judge has reversibly erred"). For example, defenses such as collateral estoppel, res judicata, and the expiration of the statute of limitations are appropriately raised in the answer, and not on a motion to dismiss. See United Servs. Auto. Ass'n v. Selz, 637 So.2d 320 (Fla. 4th DCA 1994).
"A motion to dismiss a complaint is not a motion for summary judgment in which the court may rely on facts adduced in depositions, affidavits, or other proofs." Mancher v. Seminole Tribe of Fla., Inc., 708 So.2d 327, 327 (Fla. 4th DCA 1998)(reversing dismissal for lack of personal jurisdiction where the trial court had considered sworn affidavits filed on behalf of the defendant, which tended to show that it was protected from the suit by sovereign immunity); see also Perry v. Schlumbrecht, M.D., 724 So.2d 1239 (Fla. 2d DCA 1999)(holding that, on motion to dismiss, it was error for trial court to consider whether the incident, as alleged, involved potential medical malpractice or simple negligence instead of merely *1175 whether the amended complaint stated a cause of action for medical malpractice); Cowder v. Hillsborough County, 715 So.2d 954 (Fla. 2d DCA 1998)(holding that it was reversible error for trial court, on defense motion, to dismiss complaint, based upon factual finding). Instead, on a motion to dismiss, all material allegations are accepted as true; speculation by the court as to whether the allegations will ultimately be proven is not permitted. See Maciejewski v. Holland, 441 So.2d 703, 704 (Fla. 2d DCA 1983).
At this juncture, it was error for the trial court to consider collateral matters and make a determination of whether appellant would ultimately be able to prove her case. We, therefore, reverse the final judgment, and remand with directions to reinstate appellant's cause of action.
REVERSED AND REMANDED WITH DIRECTIONS.
FARMER and HAZOURI, JJ., concur.