801 So.2d 259 (2001)
Joan B. TAYLOR, Appellant,
v.
CITY OF RIVIERA BEACH, a Florida municipal corporation incorporated under the laws of the State of Florida, Appellee.
No. 4D01-251.
District Court of Appeal of Florida, Fourth District.
December 12, 2001.
*260 Luther Martin Taylor of Luther Martin Taylor, J.D., Palm Beach Gardens, for appellant.
Kara Berard Rockenbach of Gaunt, Pratt, Radford & Methe, P.A., West Palm Beach, and Pamala H. Ryan, City Attorney's Office, City of Riviera Beach, Riviera Beach, for appellee.

ON MOTION FOR REHEARING, REHEARING EN BANC AND MOTION FOR CERTIFICATION TO THE SUPREME COURT
HAZOURI, J.
We deny the motion for rehearing, rehearing en banc and motion for certification to the supreme court. We withdraw our previously issued opinion and substitute the following in its place.
Joan Taylor appeals from a final order granting the City of Riviera Beach's motion to dismiss with prejudice her claim for a regulatory taking of submerged land located within Riviera Beach. The trial court dismissed the claim after finding that it was not ripe for judicial review. We reverse.
Taylor previously brought a claim for a regulatory taking of the same submerged lands against Riviera Beach, which was the subject of this court's decision in City of Riviera Beach v. Shillingburg, 659 So.2d 1174 (Fla. 4th DCA 1995). For a discussion of the history of Riviera Beach's Comprehensive Land Use Plan (the Plan) and its effect on Taylor's land, see Shillingburg.
In Shillingburg, this court explained that takings challenges fall broadly into two categoriesfacial takings claims and as-applied claims. This court concluded that Taylor could not successfully maintain a facial challenge to the Plan, because the language of the Plan itself contemplates viable uses for the property consistent with Riviera Beach's policy objectives. Id. at 1179-80. With regards to the as-applied challenge, this court concluded that the case was not ripe for review because Taylor had not made a "meaningful application" to Riviera Beach regarding her use of the land. Id. at 1180-82.
Thereafter, in August 1993, Riviera Beach submitted proposed Comprehensive Plan Amendment 93-11 to the Florida Department of Community Affairs (DCA) for review and comments. This proposed amendment was intended to allow lowdensity residential development on the submerged lands designated as "Special Preservation" on the Future Land Use Map included in the Plan. Riviera Beach decided to not adopt this proposed amendment based on objections it received from DCA and pending litigation regarding the development rights for the property.
On May 17, 1995, Riviera Beach sent DCA a letter asking DCA to answer the following questions: (1) Will the DCA allow *261 any development on these submerged lands? and (2) If so, what type and density of development? On August 10, 1995, DCA responded to Riviera Beach's letter, stating that in the absence of a judicial determination to allow development, no development of submerged lands should be allowed.
On September 5, 1995, Riviera Beach sent the City Attorney a memorandum concerning DCA's response, wherein Riviera Beach states that the remaining issue is whether or not it should proceed with adopting a proposed comprehensive plan amendment to allow residential development on these submerged lands, with a minimum density of one dwelling unit per 10 acres, and face sanctions by the state. Riviera Beach has not adopted the amendment.
Thereafter, Taylor applied for a permit to build a single family residence. On October 23, 1997, Riviera Beach sent Taylor a letter notifying her that her building permit application had been denied, stating:
The reason for this action is because the "Future Land Use Map" in the City of Riviera Beach Comprehensive Plan (1989), as amended, designates the area of submerged lands in which this property is located as "Special Preservation." Policy 1.8.1 of the Future Land Use Element in the City's comprehensive plan does not allow the construction of single or multi-family residential development in areas with a Special Preservation land-use designation. This policy also indicates that "permits must be obtained from all other applicable regulatory agencies." Such permits from the state and county were not submitted with the above application.
It is my understanding that you have previously submitted a comprehensive plan amendment to the City of Riviera Beach to allow single-family residential development is [sic] areas designated as Special Preservation. However, this application was objected to by the Florida Department of Community Affairs, and subsequently not adopted by the City of Riviera Beach.
On March 16, 2000, Taylor filed the instant action for a regulatory taking against Riviera Beach. Taylor's initial and first amended complaints were dismissed after the trial court found that Taylor failed to allege or show that she made a "meaningful application" to Riviera Beach for an amendment to the Plan and concluded that the case was not ripe for judicial review on that basis.
On September 1, 2000, Taylor filed her second amended complaint, which is the subject of this appeal, asserting a cause of action for a regulatory taking (Count I) and for compensation under Chapter 70, Florida Statutes (Count II)[1]. She alleged that the claim for a regulatory taking was ripe for judicial review because Riviera Beach denied her application for a building permit and attached a copy of the letter notifying her that Riviera Beach had denied her application.
On September 5, 2000, Riviera Beach filed a motion to dismiss the second amended complaint with prejudice. Riviera Beach argued that the claim for a regulatory taking (Count I) was not ripe for judicial review because Taylor had failed to make a meaningful application for *262 amendment to the Plan. Riviera Beach also argued that Count II should be dismissed.
Following a hearing, the trial court entered an order granting Riviera Beach's motion to dismiss the second amended complaint with prejudice. In its order, the trial court stated,
4. These very parties were heard on the same issues in City of Riviera Beach v. Shillingburg, 659 So.2d 1174 (Fla. 4th DCA 1995), and Plaintiff's Second Amended Complaint does not affirmatively allege or show that a Comprehensive Plan Amendment Request was made since the time the appeal was heard. The Fourth District Court of Appeals [sic] previously held that a facial challenge to Riviera Beach Comprehensive Plan failed. Therefore, for an as applied challenge to be made, Plaintiff must challenge the regulation in the context of a concrete controversy and can not [sic] do so without making an application to Amend the Comprehensive plan.
The trial court concluded that the claim for a regulatory taking was not ripe for judicial review.
Taylor argues that she did state a cause of action for a regulatory taking and exhausted administrative remedies when she submitted the application for a building permit and it was denied. Thus, Taylor contends that the trial court erred when it granted Riviera Beach's motion to dismiss. Riviera Beach argues that Taylor failed to state a cause of action for a regulatory taking because the claim was not ripe for judicial review, as Taylor failed to exhaust administrative remedies by submitting an application for amendment of the Plan.
In order to state a cause of action, a complaint must allege sufficient ultimate facts to show that the pleader is entitled to relief. Samuels v. King Motor Co. of Fort Lauderdale, 782 So.2d 489, 495 (Fla. 4th DCA 2001) (citation omitted). A court may not go beyond the four corners of the complaint and must accept the facts alleged therein and exhibits attached as true. Id. at 494; Barbado v. Green & Murphy, P.A., 758 So.2d 1173 (Fla. 4th DCA 2000). All reasonable inferences must be drawn in favor of the pleader. Visor v. Buhl, 760 So.2d 274, 275 (Fla. 4th DCA 2000). "`Whether a complaint is sufficient to state a cause of action is an issue of law. Consequently, the ruling on a motion to dismiss for failure to state a cause of action is subject to de novo standard of review.'" Samuels, 782 So.2d at 495 (quoting W.R. Townsend Contracting Inc. v. Jensen Civil Constr., Inc., 728 So.2d 297, 300 (Fla. 1st DCA 1999)).
Taylor raised an as-applied takings claim in her second amended complaint. As this court noted in Shillingburg, "Any analysis in an as-applied regulatory taking claim must start with the threshold question of ripeness: Has there been a final decision from the appropriate governmental entity as to the nature and extent of the development that will be permitted?" Shillingburg, 659 So.2d at 1180. Generally, a land use agency can make a final decision only when it has an application before it and unless there has been at least one "meaningful application," the claim is not ripe for review. Id.
In Shillingburg, this court in reviewing the record found that Taylor had not submitted a meaningful application regarding her use of the land. The court noted:
Taylor's original complaint alleged that she was prohibited from building a dock, a viewing platform or a single family residence as she had been informed that "no docks would be allowed and that no construction of any type would be allowed." *263 At trial her testimony revealed that no application for a permit, development order or for an amendment to the plan had ever been submitted to Riviera Beach for any use, although she contended that her plan was to build a house on stilts over her submerged land. In fact, the architect hired by Taylor to develop architectural plans admitted that no plans had ever been offered Riviera Beach for its review.
Id. at 1178.
In this case, Taylor's application for a building permit to construct a single-family residence constituted a meaningful application, as it set forth her intended use of the land. Riviera Beach's denial of her building permit application constituted final agency action with regards to how Riviera Beach would apply the Plan to her property, rendering the case ripe for judicial review. See City of Pompano Beach v. Yardarm Rest., Inc., 641 So.2d 1377, 1387 (Fla. 4th DCA 1994) ("Once Yardarm had made a definite and meaningful effort to obtain City approval for its eighteen story hotel [by applying for building permits] and Pompano Beach had evinced an intention not to give it [by denying the permits], Yardarm's claim [for inverse condemnation] was ripe."); see also Koontz v. St. Johns River Water Mgmt. Dist., 720 So.2d 560 (Fla. 5th DCA 1998) (river management district's denial of property owner's application for permit to dredge wetlands was final agency action rendering the claim for a regulatory taking ripe for judicial review).
Riviera Beach's argument that Shillingburg mandated that Taylor submit an application for amendment to the Plan is not persuasive. There is no language in Shillingburg requiring that Taylor submit such an application for amendment of the Plan. Shillingburg only requires a meaningful application for intended use of the land.
Furthermore, even if the submission of an application for amendment to the Plan were required, such a submission would be futile in this case. In Shillingburg, this court noted:
A limited exception to the ripeness requirement might exist where, by virtue of the past history, repeated submissions would be futile. Eide [v. Sarasota County], 908 F.2d [716] at 726 n. 17 [(11th Cir.1990)]. Further, where the governmental agency effectively concedes that any other development would be impermissible, this can negate the requirement of pursuing further administrative remedies and the governmental action is effectively treated as a final decision. Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1576 (11th Cir. 1989).
Shillingburg, 659 So.2d at 1181. Although this court concluded that the futility exception was not applicable in Shillingburg, the facts of this case mandate a different conclusion.
Since the Shillingburg decision, Riviera Beach considered whether it should amend the Plan to allow for construction of singlefamily residences, as evidenced by its own proposed Comprehensive Plan Amendment 93-11. Taylor's application to Riviera Beach was for a permit to build such a single-family residence. After considering the DCA's recommendations, the City decided to not adopt the amendment. The City's decision to not adopt the amendment, renders any further application for amendment to the Plan futile, as the amendment that would be sought by Taylor would be the same amendment the City decided to not adopt. Further, the City has made no assertions that it would adopt the amendment in the future. Therefore, requiring Taylor to submit an application *264 for amendment to the Plan would serve no purpose, as the City has clearly made a final determination.
Accordingly, whether Taylor can convince the court that there has, in fact, been a taking is an issue properly before the trial court. The trial court order is reversed to the extent that it dismisses the regulatory takings claim and the case is remanded for further proceedings on that claim.
DELL and FARMER, JJ., concur.
NOTES
[1] Chapter 70, Florida Statutes (1999), the Property Rights Protection Act, establishes a separate and distinct cause of action from the law of takings and provides relief or compensation when a new law, rule, regulation or ordinance unfairly affects real property. The trial court dismissed this Count with prejudice; however, it is not the subject of this appeal.