873 So.2d 397 (2004)
B. Martin ATKINS, Appellant,
v.
TOPP TELECOM, INC., n/k/a Tracfone Wireless, Inc., Topp Comm, Inc., Frederick J. Pollack, and David Topp, Appellees.
No. 4D03-315.
District Court of Appeal of Florida, Fourth District.
April 14, 2004.
Rehearing Denied June 3, 2004.
*398 J. Ken Johnson, George M. Fleming, Andres C. Pereira of Fleming & Associates, L.L.P., Mike O'Brien of Mike O'Brien, P.C., Houston, Texas; E. Cole Fitzgerald, III, and Gregory D. Cook of Fitzgerald, Hawkins, Mayans & Cook, P.A., West Palm Beach; for appellant.
Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., J. Michael Burman and Gregory W. Coleman of Burman, Critton, Luttier & Coleman, West Palm Beach; for appellees.
POLEN, J.
This appeal arises from a final order dismissing four counts of an amended complaint with prejudice. For the reasons expressed below, we hold that the dismissal was in error and reverse the final order.
The appellant filed a complaint based on an alleged joint venture that existed between Atkins and Topp Telecom, Inc. After his first two complaints were dismissed, in his third amended complaint, Atkins alleged a joint venture. The third amended complaint included several causes of action. Most of the causes were dismissed by the trial court. The court held that each count was contingent upon the alleged joint venture and since the court found that no joint venture was established all counts were dismissed. The remaining cause of action was voluntarily dismissed by Atkins presumably to allow him to pursue this appeal.
On appeal Atkins contends the trial court erred in dismissing each count of the complaint. "Whether a complaint is sufficient to state a cause of action is an issue of law. Consequently, the ruling on a motion to dismiss for failure to state a cause of action is subject to de novo standard of review." Lost Tree Vill. Corp. v. City of Vero Beach, 838 So.2d 561, 569 (Fla. 4th DCA 2002) (quoting Taylor v. City of Riviera Beach, 801 So.2d 259, 262 (Fla. 4th DCA 2001) (citations omitted)). *399 In order to state a cause of action, a complaint must allege sufficient ultimate facts to show that the pleader is entitled to relief. A court may not go beyond the four corners of the complaint and must accept the facts alleged therein and exhibits attached as true. All reasonable inferences must be drawn in favor of the pleader. Id.
Initially Atkins argues the order ought to be reversed since the trial court utilized the wrong standard of review. Atkins contends the order demonstrates that the trial court treated this motion as one for summary judgment, rather than dismissal.
Atkins points to Barbado v. Green & Murphy, PA., 758 So.2d 1173 (Fla. 4th DCA 2000). In Barbado, this court reversed an order of dismissal where the trial court held "[t]he allegations contained in Plaintiff's Second Amended Complaint are inconsistent with the record of the aforesaid file as well as the exhibits heretofore filed in the instant litigation." Id. at 1174. The Barbado opinion noted that a motion to dismiss is not a motion for summary judgment and the court may not rely on depositions, affidavits, or other proofs. Id. (citing Mancher v. Seminole Tribe of Fla., Inc., 708 So.2d 327, 327 (Fla. 4th DCA 1998)). Moreover, when a motion to dismiss is before the court, all material allegations are deemed true and "speculation by the court as to whether the allegations will ultimately be proven is not permitted." Id.
In the case at bar, there were four exhibits attached to the amended complaint. As a result, they are considered part of the complaint and were properly considered by the trial court on the motion to dismiss. Hillcrest Pac. Corp. v. Yamamura, 727 So.2d 1053 (Fla. 4th DCA 1999). Therefore, it was not error for the trial court to consider the attachments to the complaint when ruling on the motion. Furthermore, there is no indication from the order that the trial court considered anything other than the attached exhibits and there is no transcript to demonstrate otherwise.
The trial court specifically stated in the order that because the counts of the complaint were purely dependent on the exhibits, and the exhibits did not demonstrate the existence of a joint venture, the complaint failed to state a cause of action. Nevertheless it appears the trial court improperly speculated as to whether Atkins could eventually prove the allegations of the complaint.
Joint venture agreements are not required to be in writing. De Ribeaux v. Del Valle, 531 So.2d 992 (Fla. 3d DCA 1988).
The essential elements of a joint venture are: (1) a community of interest in the performance of a common purpose, (2) joint control or right of control, (3) a joint proprietary interest in the subject matter, (4) a right to share in the profits and (5) a duty to share in any losses which may be sustained. Chase Manhattan Mortg. Corp. v. Scott, Royce, Harris, Bryan, et al., 694 So.2d 827 (Fla. 4th DCA 1997) (citing Kislak v. Kreedian, 95 So.2d 510, 515 (Fla.1957)).
In the complaint, Atkins alleged that he and the appellee agreed to enter a joint venture strategy by creating a new corporate entity. He also alleged that they would both have joint control and joint interest in the acquisition of the business and that they would each share profits and losses in proportion to their respective interests. Atkins also alleged that the parties entered into written agreements that included, but were not limited to, those attached to the complaint. (Emphasis added.)
*400 Accepting the facts alleged in the complaint, and attached exhibits as true, Atkins pled all the essential elements of a joint venture. He specifically pled that they had entered in to agreements other than those attached to the complaint. Furthermore, when presented with the motion to dismiss, the trial court was obligated to draw all reasonable inferences in favor of Atkins. As a result, the trial court erred in dismissing the complaint based on the conclusion that Atkins failed to demonstrate the existence of a joint venture. The speculation by the trial court as to whether the allegations would have ultimately been proven was improper. As a result the order is reversed and the action is remanded to proceed in accordance with this opinion.
REVERSED and REMANDED.
MAY, J., and DAMOORGIAN, DORIAN, K., Associate Judge, concur.