976 So.2d 92 (2008)
UTC INDUSTRIES, INC., et al., Appellants,
v.
PRESIDENTIAL FINANCIAL CORP., et al., Appellees.
Nos. 3D07-1071, 3D07-473.
District Court of Appeal of Florida, Third District.
February 27, 2008.
*93 Richard J. Burton, Aventura and Peter J. Solnick, for appellants.
Sivyer Barlow & Watson, Neal A. Sivyer and Edward J. Kuchinski, Tampa, for appellees.
Before GERSTEN, C.J., and SUAREZ and ROTHENBERG, JJ.
PER CURIAM.
UTC Industries, Inc., Jerome Uffner, Marc Uffner, and Judith Uffner (collectively "Uffner") appeal the dismissal of their complaint against Presidential Financial Corporation and Presidential Financial Corporation of Florida ("Presidential"). We affirm in part, reverse in part, and remand with instructions.
Uffner was in business with UTC Fabrics, LLC, Lawrence C. Schreiber, Inc., d/b/a Confetti, Lawrence Schreiber, Jo Schreiber, Alan Schreiber, and Paul Schreiber (collectively "Schreiber"). Schreiber sued Uffner claiming breach of a promissory note, theft, and conversion, and sought an injunction. In answering the complaint, Uffner acknowledged the existence of a promissory note and security agreement in favor of Schreiber. According to Uffner, however, the note was subsequently assigned to Presidential in consideration for a loan made to Schreiber, and Presidential thereafter released Uffner from any obligation. Uffner also alleged the property and accounts they took belonged to Uffner.
Uffner filed a third party complaint against Presidential for conspiracy to defraud. Uffner alleged that Presidential conspired with Schreiber to wrongfully foreclose on the promissory note and to fraudulently transfer Uffner's assets. Specifically, Uffner alleged that its assets were disposed of in a commercially unreasonable manner because the property was not properly valued, was offered without competitive bidding only to Schreiber, and was transferred to Schreiber without proper consideration.
The trial court dismissed the third party complaint for failure to allege a claim for indemnity, contribution, or subrogation. Uffner then filed a separate action against Presidential. Presidential moved to dismiss this action on the ground that the conspiracy claim could not stand without allegations of an underlying tort or wrong. The trial court also dismissed the separate action.
On appeal, Presidential contends that both the third party complaint and the separate complaint were properly dismissed. Uffner, however, asserts that their separate complaint sufficiently alleges an underlying tort or wrong to support the conspiracy claim against Presidential. We agree with Uffner.
Turning first to the third party complaint, we affirm the trial court's dismissal. Before a party may allege any *94 other cause of action against a third party defendant, he or she must first assert a claim for indemnity, contribution, or subrogation. Fla. R. Civ. P. 1.180(a); Leggiere v. Merrill Lynch Realty/Fla., Inc., 544 So.2d 240 (Fla. 2d DCA 1989). Here, the facts do not give rise to a claim of indemnity, contribution, or subrogation against Presidential. Therefore, the trial court properly dismissed the third party complaint against Presidential.
Turning to the separate action, we determine that the trial court erred in dismissing the complaint. "A civil conspiracy requires: (a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." Raimi v. Furlong, 702 So.2d 1273, 1284 (Fla. 3d DCA 1997).
In the conspiracy claim, Uffner alleges Presidential entered into an agreement with Schreiber to defraud Uffner. The improper valuation and asset transfer to Schreiber, without competitive bidding or proper compensation, was the underlying tort or wrong. The overt act in furtherance of the conspiracy was transferring Uffner's inventory and customer lists to Schreiber. Uffner also alleged damages resulting from these acts. Therefore, the complaint pleads a claim of conspiracy to defraud against Presidential that is sufficient to overcome dismissal.
Accordingly, we affirm the order dismissing the third party complaint, and reverse the order dismissing the complaint filed in the separate action. Because the claims against the various parties are intertwined, the trial court might consider consolidating the two cases.
Affirmed in part, reversed in part, and remanded with instructions.