DAVIS, Judge.
The Department of Highway Safety and Motor Vehicles (DHSMV) challenges the trial court’s order granting Paul Bowers’ motion to dismiss the forfeiture complaint that DHSMV had filed against him. We reverse.
Paul Bowers was charged with the third-degree felony of driving while license suspended or revoked as a habitual traffic offender. In a related action, DHSMV filed a forfeiture complaint seeking to confiscate the motor vehicle that Bowers was driving. Bowers moved to dismiss the forfeiture complaint, and following a hearing, the trial court granted the motion.
In its order, the trial court found that the value of the motor vehicle was more than $50,000 and that the criminal case had been resolved by Bowers’ plea to a *149 misdemeanor of driving without a license. The trial court concluded that since the maximum fine that could be levied against Bowers was $1000, to require the forfeiture of the motor vehicle would violate the Excessive Fines Clause of the Eighth Amendment of the United States Constitution. DHSMV appeals that ruling.
DHSMV argues, and we agree, that the trial court erred in ruling on the motion to dismiss by making factual findings beyond the four corners of the forfeiture complaint. “A motion to dismiss tests the legal sufficiency of the complaint.” Barbado v. Green & Murphy, P.A., 758 So.2d 1173, 1174 (Fla. 4th DCA 2000). In considering the motion to dismiss, the trial court may not look to information outside the “four corners” of the complaint. Id. The value of Bowers’ vehicle is not contained in the forfeiture complaint; thus the trial court erred in giving consideration to the excessive fine argument at the motion to dismiss stage of the proceedings.
As stated in Cowder v. Hillsborough County, 715 So.2d 954, 955 (Fla. 2d DCA 1998), “Although these facts may ultimately prove to be true, they do not appear within the four corners of the complaint. The court may not transform a motion to dismiss into a motion for summary judgment.”
In determining that the trial court erred in granting the motion to dismiss, we do not reach the question of whether the Excessive Fines Clause of the Eighth Amendment applies or whether these facts violate the restriction contained in this clause.
Reversed and remanded for further proceedings.
NORTHCUTT, C.J., and MASTERS, ELLEN S., Associate Judge, Concur.