CIKLIN, J.
In this matter we decide whether the trial court erred in granting a motion to dismiss Carolyn Edwards’s third-party complaint for conversion against Sandra Landsman, the owner/managing agent of Auto Showcase Motorcars of Palm Beach, LLC (“Auto Showcase”). The trial court, without explanation, dismissed Edwards’s third-party complaint against Landsman along with all of her counterclaims against Auto Showcase. Because we hold that Edwards’s third-party complaint against Landsman alleged sufficient facts to support a claim for conversion, we reverse the trial court’s order dismissing the third-party complaint and remand for further proceedings not inconsistent with this opinion.
Edwards purchased a 2004 Land Rover Range Rover from Auto Showcase on January 17, 2008. The parties disagree as to the terms of the agreement connected to the purchase.
On April 2, 2008, Auto Showcase filed a complaint for replevin and breach of contract alleging that Edwards had entered into a conditional sales contract with Auto Showcase for the purchase of the vehicle. Pursuant to this agreement, Auto Showcase delivered the vehicle to Edwards conditioned on her agreement to return the vehicle if she was not approved for financing. As purported evidence of the conditional nature of the agreement, Auto Showcase attached to its complaint a document titled “Spot Delivery Agreement”[1] which was signed by both Edwards and a representative of Auto Showcase. Auto Showcase alleged that although Edwards had been preapproved for financing based on her representations in a credit application, the lender was unable to verify the representations and withdrew its approval. According to Auto Showcase, it then contacted Edwards and requested that she return the vehicle. When she refused, Auto Showcase filed suit for replevin and breach of contract.
After a hearing on Auto Showcase’s re-plevin order to show cause, the trial court issued an order directing the clerk of the court to issue a prejudgment writ of re-plevin.
In response, Edwards filed her answer including affirmative defenses, counterclaims, and a third-party complaint. In her pleading, Edwards alleged that she had visited Auto Showcase on January 16, 2008 and negotiated the purchase of the used vehicle. She recalled signing several papers prepared by Auto Showcase but refused to take delivery of the vehicle until the dealership assured her that her financing was approved. The next day, January 17, someone from Auto Showcase phoned Edwards and told her that the financing was fully approved and that she should return to the dealership to sign the remaining documents. Edwards returned to Auto Showcase, signed documents, paid a $2500 down payment, and accepted delivery of the vehicle.
Edwards further alleged that, about a week later, a representative from the dealership phoned her and requested that she bring in a W-2 statement. Edwards re *1212 fused because she had a signed contract showing the sale was final. Edwards alleged that the representative then told her that for $500 he could help her obtain falsified tax documents, and that when she refused this offer, the dealership representative demanded the return of “our vehicle” or else Auto Showcase would have Edwards arrested for grand theft.
In Edwards’s counterclaim and third-party complaint, she described Sandra Landsman as being an owner and a “managing agent” of Auto Showcase. Edwards alleged that Landsman herself phoned Edwards on several occasions and demanded that Edwards bring back “our truck” or risk being arrested. Edwards also claimed that it was Landsman who directed other Auto Showcase employees to call Edwards and threaten to have her arrested if she did not return the vehicle. Edwards further alleged that Landsman hired an investigator or some other third party to talk to Edwards’s son and his college football coach in Michigan, accusing Edwards’s son of having stolen the Land Rover, even though Edwards and not her son had possession of the truck at the time.
Edwards’s amended answer to Auto Showcase’s replevin complaint included a counterclaim with four counts[2] and one third-party complaint. The count most relevant to the instant appeal alleged a conversion of the Land Rover and of Edwards’s down payment. Edwards included a third-party complaint against Landsman and named her in the conversion counterclaim as permitted by Florida Rule of Civil Procedure 1.170(h).
In her counterclaim/third-party complaint, Edwards alleged her ownership of the Land Rover based on an attached retail installment sale contract (RISC) signed by both Edwards and a representative of Auto Showcase. The RISC contained a merger clause and language indicating that the agreement contemplated a completed sale. In her answer to Auto Showcase’s complaint, Edwards claimed to have never seen the “Spot Delivery Agreement,” and alleged that if she did in fact sign the agreement, her signature was obtained by deception.
Auto Showcase and Landsman filed a motion to dismiss the counterclaim/third-party complaint. In their motion to dismiss, Auto Showcase and Landsman argued that the complaint against Landsman should be dismissed because Edwards’s cause of action against Landsman was based solely on allegations of false statements made in pleadings. They also argued that the claim for conversion should be dismissed because the trial court must consider the “Spot Delivery Agreement” attached to Auto Showcase’s original complaint as proof of the conditional nature of the transaction thereby negating a conversion.
The trial court, without explaining its reasoning, granted Auto Showcase’s and Landsman’s motion and dismissed all counts of Edwards’s counterclaim as well as her third-party complaint against Landsman. The trial court also entered a final judgment with respect to Landsman. Edwards now appeals the final judgment dismissing her third-party complaint against Landsman.
At the time this appeal was filed, Auto Showcase’s replevin and breach of contract actions remained pending in the trial court. Edwards acknowledges that the conversion counterclaim against Auto *1213 Showcase (the claim to which she joined Landsman as a third-party defendant) is a compulsory counterclaim. Ordinarily, the dismissal of a compulsory counterclaim is not appealable until a final judgment is rendered on the main claim. See Palm Hill Villas Homeowners Ass’n v. Rose-Green, 855 So.2d 83, 84 (Fla. 4th DCA 2003). In this case, however, the dismissal of the third-party conversion complaint left no pending claims against Landsman such that its dismissal was a final order as to her and was appealable. See Niesz v. R.P. Morgan Bldg., Co., 401 So.2d 822, 823 (Fla. 5th DCA 1981).[3]
A trial court’s order granting a motion to dismiss is reviewed de novo. See Gomez v. Fradin, 41 So.3d 1068, 1070 (Fla. 4th DCA 2010). “In reviewing an order granting a motion to dismiss, this court’s ‘gaze is limited to the four corners of the complaint.’ ” Goodall v. Whispering Woods Ctr., L.L.C., 990 So.2d 695, 697 (Fla. 4th DCA 2008) (citation omitted). “In order to state a cause of action, a complaint must allege sufficient ultimate facts to show that the pleader is entitled to relief. A court may not go beyond the four corners of the complaint and must accept the facts alleged therein and exhibits attached as true. All reasonable inferences must be drawn in favor of the pleader.” Taylor v. City of Riviera Beach, 801 So.2d 259, 262 (Fla. 4th DCA 2001) (citations omitted).
Conversion is an “ ‘act of dominion wrongfully asserted over another’s property inconsistent with his ownership therein.’ ” Warshall v. Price, 629 So.2d 903, 904 (Fla. 4th DCA 1993) (citation omitted). Thus, to state a claim for conversion, one must allege facts sufficient to show ownership of the subject property and facts that the other party wrongfully asserted dominion over that property.
Florida law permits a counterclaim for conversion where the defendant in a replevin action alleges that the replevin was wrongful even after the trial court grants a prejudgment writ of replevin. See Int’l Fid. Ins. Co. v. Prestige Rent-A-Car, Inc., 715 So.2d 1025, 1029 (Fla. 5th DCA 1998) (“Causes of action for prejudgment writ of replevin and wrongful replev-in are separate and distinct. Even when a party has employed the proper procedure in obtaining a prejudgment writ of replev-in, there can still be a subsequent finding that the replevin was wrongful.”). Although Florida’s replevin statutes provide a remedy for a defendant who ultimately prevails on a final judgment after a prejudgment replevin writ had deprived the defendant of possession throughout the proceedings, the statutes also provide that they “shall not preclude any other remedies available under the laws of this state.” §§ 78.20-21, Fla. Stat. (2010). Florida case law suggests — and we agree — that such remedies include a conversion counterclaim to the replevin action. See Rem-Con Commc’ns, Inc. v. United Am. Bank of Memphis, 668 So.2d 320, 321-22 (Fla. 2d DCA 1996) (reversing a summary judgment against a defendant on a counterclaim for wrongful repossession/conversion to a replevin claim); Lease Fin. Corp. v. Nat’l Commuter Airlines, Inc., 462 So.2d *1214 564, 567 (Fla. 3d DCA 1985) (“Thus, [the defendant] can also take advantage of any remedies available under ... general tort law as it exists in this state.”).
Here, Edwards alleged sufficient facts to support her claim of ownership of the replevied vehicle. Edwards alleged that she returned to the dealership and took possession of the Land Rover only after the dealership assured her that financing had been fully and finally approved without conditions. Edwards attached to her counterclaim and third-party complaint a copy of the RISC signed by both herself and a representative from Auto Showcase. The allegations and the attached RISC are sufficient to support Edwards’s claim of ownership of the vehicle.
Edwards also alleged sufficient facts to support her claim that both Auto Showcase and Landsman wrongfully exercised dominion over the property inconsistent with Edwards’s ownership. Edwards alleged that Auto Showcase first tried to gain possession of the vehicle by contacting Edwards on several occasions and threatening to have her arrested if she did not give them the vehicle. When this failed, Edwards alleged that Auto Showcase and Landsman then filed a “wrongful” replevin action and gained possession and control of the vehicle pending final adjudication of the claim after obtaining a prejudgment writ of replevin. These actions would constitute wrongful dominion over Edwards’s property.
Under Florida law, “an officer of a corporation who commits or participates in a tort, whether or not it is in furtherance of corporate business and whether or not it is by authority of the corporation, is liable to the injured party whether or not the corporation is also liable.” P.V. Constr. Corp. v. Kovner, 538 So.2d 502, 504 (Fla. 4th DCA 1989). As such, Edwards’s third-party complaint alleged sufficient facts regarding Landsman’s participation in the complained-of wrongdoing to support a claim against her individually.
Landsman asserts that the trial court properly dismissed the third-party complaint against her because the acts alleged to implicate her as a managing agent in the conversion were all protected by the doctrine of litigation immunity. Under this doctrine, statements made during the course of judicial proceedings are privileged and cannot be made the basis of a subsequent cause of action. See Fridovich v. Fridovich, 598 So.2d 65, 66 (Fla.1992). Although the doctrine traditionally applies to defamatory words used during litigation, the Florida Supreme Court has extended the doctrine to “any act occurring during the course of a judicial proceeding.” Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co., 639 So.2d 606, 608 (Fla.1994).
Although Landsman is correct in her assertion that based on Levin, a cause of action could not be based solely on allegations that she signed the complaint for replevin and made false statements in the pleading, her argument is a red herring. Edwards has alleged far more than just Landsman’s filing for a writ of replev-in. Edwards alleged that Landsman, herself, called Edwards on “at least four occasions” demanding the return of the vehicle and threatening Edwards with arrest. Edwards also alleged that Landsman had directed one of the dealership’s employees to make similar demands, and that Landsman had hired someone to contact Edwards’s son and his college football coach in Michigan to demand the return of the vehicle. Furthermore, Edwards alleged that it was Landsman’s intent to defraud Edwards by representing that the dealership was selling and financing the vehicle to her. Since this alleged conduct did not occur “during the course of a judicial pro- *1215 eeeding,” none of these actions would be protected by the doctrine of litigation immunity. See Levin, 639 So.2d at 608.
Landsman also argues that we should affirm the trial court’s dismissal of the third-party complaint because Edwards improperly joined Landsman. Landsman argues that Edwards could join Landsman only in a claim for “indemnity, contribution, or subrogation.” See UTC Indus., Inc. v. Presidential Fin. Corp., 976 So.2d 92, 93-94 (Fla. 3d DCA 2008). While this would be true if Edwards had joined Landsman under Florida Rule of Civil Procedure 1.180(a), here Landsman joined Edwards under Rule 1.170(h) which permits a party to add additional parties to a counterclaim when the “presence” of the additional party is “required to grant complete relief.”
Because Edwards pled sufficient facts to support a claim for conversion against Landsman, the trial court erred in dismissing the third-party complaint. To support a conversion claim against Landsman, Edwards was required to assert all of the facts that are required for a conversion claim against Auto Showcase plus the additional allegation that Landsman was personally involved in the commission of the tort.[4]

Reversed and remanded with instructions.

TAYLOR, J., and TOWBIN SINGER, MICHELE, Associate Judge, concur.

. "Spot delivery” is a practice in the motor vehicle sales industry where a seller-financed sale is contingent on the assignment of the loan to a third party. See King v. King Motor Co. of Fort Lauderdale, Inc., 900 So.2d 619, 620 (Fla. 4th DCA 2005). If the seller is unable to assign the loan to a third party, then the purchaser must return the vehicle. In King, this Court held that Florida law does not forbid, and at least "contemplate[s],” such conditional sale agreements. Id. at 623.

. Count I was for conversion; Count II was for violations of various sections of Florida’s adoption of the Uniform Commercial Code (Chapter 679, Florida Statutes); Count III was for violation of the Equal Credit Opportunity Act; and Count IV was for violation of the Fair Credit Reporting Act (Count IV was added to Edwards’s Amended Answer).

. We might also have had jurisdiction to consider the dismissal of the counterclaim against Auto Showcase to "avoid two appeals from the same decision.” Travelers Express, Inc. v. Acosta, 397 So.2d 733, 736 (Fla. 3d DCA 1981); Berkan v. Brown, 231 So.2d 871, 872 (Fla. 3d DCA 1970) ("We conclude that since the judgment on the counterclaim and additional party complaint is final as to one party, it should be appealable as to all.”). Edwards, however, did not request that we also consider the dismissal of the counterclaim for conversion against Auto Showcase. As such, we address only the dismissal of the third-party complaint against Landsman.

. As such, while not specifically raised on appeal, we recognize that the trial court’s order dismissing the conversion counterclaim against Auto Showcase is legally inconsistent with this opinion. Thus, on remand, the trial court should reconsider its dismissal of Edwards's conversion counterclaim against Auto Showcase such that its order is consistent with this opinion.