POLEN, J.
Appellant, Elliot Shapiro, appeals the order of the trial court granting appellee’s, Lionel Tulin’s, motion to dismiss in this dispute over a contract to make a will. We find that the trial court erred when it dismissed appellant’s case with prejudice where the trial court looked beyond the four corners of appellant’s complaint in considering the motion to dismiss. Additionally, appellant was not afforded the opportunity to amend his complaint once as a matter of law, pursuant to rule 1.190(a), Florida Rules of Civil Procedure.
Appellant and Rocco DeStefano executed an “agreement” which contemplated a devise to either gentleman upon the death of the other party. The agreement required that, if DeStefano died first, certain jewelry would be given to appellant. If appellant died first, on the other hand, DeStefano would receive $100,000. The agreement further provided that, in the event either party failed to perform his respective obligation, the non-defaulting party would be a “secured creditor” in any claim against the estate. The agreement was signed by appellant, DeStefano, and DeStefano’s wife, all while in the presence of one another.
After DeStefano’s death, appellant presented his claim for the jewelry to Lionel Tulin, the personal representative of the DeStefano estate. Tulin filed an objection to the claim and refused to deliver the subject jewelry. As a result, appellant filed a complaint asserting three causes of action: replevin, breach of contract, and breach of fiduciary duty. In his complaint, appellant alleged that all conditions precedent were met, excused, or waived. Tulin, in turn, filed a motion to dismiss the complaint on three grounds: illegal gambling, barring of the breach of fiduciary duty claim under section 732.515, Florida Statutes, and failure to state a cause of action because the agreement did not comply with section 732.701, Florida Statutes. The trial court granted Tulin’s motion to dismiss based on his third point — the failure to comply with section 732.701[1] — and did not address points one and two. The trial court reasoned that the agreement upon which the complaint was based failed because it lacked the signatures of two attesting witnesses. This appeal followed.
“ ‘In reviewing an order granting a motion to dismiss ... [a] court may not go beyond the four corners of the complaint and must accept the facts alleged therein ... as true. All reasonable inferences must be drawn in favor of the pleader.’ ” Edwards v. Landsman, 51 So.3d 1208, 1213 (Fla. 4th DCA 2011) (quoting Goodall v. Whispering Woods Ctr., LLC, 990 So.2d 695, 697 (Fla. 4th DCA 2008); Taylor v. City of Riviera Beach, 801 So.2d 259, 262 (Fla. 4th DCA 2001)).
A party may amend a pleading once as a matter of course at any time before a responsive pleading is served or, if the *1168 pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, may so amend it at any time within 20 days after it is served. Otherwise a party may amend a pleading only by leave of court or by written consent of the adverse party.
Fla. R. Civ. P. 1.190(a). Moreover, a motion to dismiss does not fall under the category of “responsive pleading” and, therefore, does not preclude a party from amending the complaint subsequent to the filing of such a motion. Boca Burger, Inc. v. Forum, 912 So.2d 561, 567 (Fla. 3d DCA 2005).
The issue before this court is whether the trial court erred in granting Tulin’s motion to dismiss with prejudice because of its finding that two attesting witnesses did not sign the agreement. The complaint alleged that all conditions precedent — which would include the signatures of two attesting witnesses — were met, excused, or waived and, as this court has stated, such allegations must be accepted as true. As such, the trial court’s finding that section 732.701 was not complied with was based on facts not within the scope of the appellant’s complaint. Thus, because a court may not look anywhere but to the document on a motion to dismiss, and the trial court here clearly exceeded the boundaries of the four corners of appellant’s complaint in dismissing the claim on the basis that two attesting witnesses did not sign the agreement in accordance with section 732.701, the trial court erred in its dismissal of appellant’s claim.
Additionally, appellant pled generally that all conditions precedent were met and that he was not afforded the opportunity to amend his complaint to specifically plead the same in regards to the signatures of two attesting witnesses. Further, appellant contended that he asked for leave to amend his complaint once to cure the defects discussed in Tulin’s motion to dismiss, as a matter of course, and was denied this opportunity by the trial court. As noted above, a motion to dismiss is not a responsive pleading and will not affect a party’s ability to amend, pursuant to the Florida Rules of Civil Procedure. Appellant should have been afforded the right to amend his complaint to allege the compliance with all conditions precedent more specifically before the trial court dismissed his claim with prejudice.
Based on the foregoing, we find the trial court erred in dismissing appellant’s claim and we, therefore, reverse for further proceedings consistent with this opinion.

Reversed.

GROSS, C.J., and DAMOORGIAN, J„ concur.

. Section 732.701, Florida Statutes, in part, provides:
No agreement to make a will, to give a devise, not to revoke a will, not to revoke a devise, not to make a will, or not to make a devise shall be binding or enforceable unless the agreement is in writing and signed by the agreeing party in the presence of two attesting witnesses.
§ 732.701(1), Fla. Stat. (2010).