DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FINEST KNOWN LLC, GOLD AND ENERGY OPTIONS TRADER LLC,
JAMES DIGEORGIA, GEOFFREY GARBACZ,** and
**QUANTITATIVE PARTNERS, INC.,**
Appellants,

v.

**WEISS RESEARCH, INC.,** and
**BRAD HOPPMANN,**
Appellees.

No. 4D16-3667

[April 4, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cymonie S. Rowe, Judge; L.T. Case No. 2015CA013012XXXXMB.

Brian M. Becher of Frank Weinberg Black, P.L., Boca Raton, for appellants.

Jack J. Aiello, G. Joseph Curley, Michael W. Marcil and John W. Terwilleger of Gunster, Yoakley & Stewart, P.A., West Palm Beach, for appellees.

KUNTZ, J.

Finest Known LLC appeals the circuit court's order dismissing defendant Brad Hoppmann as a counterclaim co-defendant. We reverse based upon *Edwards v. Landsman*, 51 So. 3d 1208 (Fla. 4th DCA 2011), a case neither party presented to the circuit court.

The underlying action relates to a contract between Finest and Weiss Research, Inc. The two entered into an agreement where Weiss would market and promote Finest's publications for fifteen years in return for a percentage of the net revenue. Finest alleged that Hoppmann was Weiss's agent. When the relationship soured, Finest sued Weiss and Hoppmann in federal court asserting claims arising under both state and federal law. The federal court recognized its mandatory jurisdiction over the federal

claims, but declined to exercise supplemental jurisdiction over the state claims and dismissed them.

One day after the federal court dismissed the state claims, Weiss sued Finest in state court. Finest answered the complaint and filed a counterclaim asserting claims against Weiss and Hoppmann. Hoppmann moved to dismiss the counterclaims, arguing he was not a proper counterclaim defendant. He argued Finest was "attempting to circumvent the plain language of Rule 1.180, which governs third-party practice, by claiming to 'bring this third party claim against Hoppmann pursuant to Rule 1.170(h).'" Later, he argued "his inclusion as a counterclaim defendant was not 'required to grant complete relief in the determination of the counterclaims' by Finest against Weiss." The court agreed and dismissed the claims against Hoppmann.

We recognize the logic of the arguments raised by Hoppmann to the circuit court, and again on appeal, as well as the plain language of the rules upon which he relies. That said, our case law requires us to reach a different result.

In *Edwards*, like Hoppmann here, the counter-defendant "argue[d] that we should affirm the trial court's dismissal of the third-party complaint because Edwards improperly joined Landsman," and "Edwards could join Landsman only in a claim for indemnity, contribution, or subrogation." 51 So. 3d at 1215 (internal quotation omitted). We held that the argument would be correct if the defendant had joined the counter-defendant under Florida Rule of Civil Procedure 1.180(a). But the defendant joined the counter-defendant under Rule 1.170(h), "which permits a party to add additional parties to a counterclaim when the 'presence' of the additional party is 'required to grant complete relief.'" *Id.*

The procedural posture of this case is identical. Finest joined the counter-defendant under Rule 1.170(h), alleging sufficient facts to assert claims against Hoppmann in his individual capacity. As a result, the court erred in dismissing the claims against Hoppmann. In reaching this conclusion, we express no comment about whether Finest might prevail on its claims against Hoppmann in his individual capacity.

*Reversed and remanded.*

GROSS and FORST, JJ., concur.

*      *      *

*Not final until disposition of timely filed motion for rehearing.*