# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-3806
Lower Tribunal No. 2022-CA-006526-O

_____

PHLSTER LLC and THE ACTIVITY GROUP, INC.,

Appellants,

v.

THE BERNSTEIN FIRM, LLC, GUN DOG ARMORY, INC., CASEY HITE AND PHILIP LURIE,

Appellees.

_____

Appeal from the Circuit Court for Orange County.
Eric J. Netcher, Judge.

October 3, 2025

PER CURIAM.

Appellants, PHLster LLC and The Activity Group, Inc. (collectively, "Appellants") appeal the trial court's order dismissing with prejudice their second amended complaint, which asserted the following claims: (1) violation of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) violation of the federal Computer Fraud Abuse Act ("CFAA"); (3) common law conversion against Appellee The Bernstein Firm, LLC; and (4) common law conversion against Appellee Gun Dog Armory, Inc.

We find no error in the trial court's dismissal with prejudice of the Appellants' RICO and CFAA claims and affirm the dismissal of those claims without further discussion. The trial court's dismissal of the conversion claims, however, was error.

A trial court's order granting a motion to dismiss with prejudice is reviewed de novo. *Royal v. Royal*, 372 So. 3d 782, 783 (Fla. 6th DCA 2023). In ruling on a motion to dismiss, a court must "accept all allegations of the complaint as true, and construe all reasonable inferences from the allegations in favor of the plaintiff as the non-moving party." *Baldwin v. Lab'y Corp. of Am.*, 396 So. 3d 798, 800 (Fla. 5th DCA 2024), *reh'g denied* (Nov. 7, 2024). Further, subject to limited exceptions, "[a] trial court must follow the 'four corners rule' and limit its review to the four corners of the complaint and any attachments to the complaint." *Brugal v. City of Naples*, No. 6D2023-4088, 2025 WL 2178049, at *3 (Fla. 6th DCA Aug. 1, 2025).

"Conversion is an act of dominion wrongfully asserted over another's property inconsistent with his ownership therein." *Rosenthal as Tr. of Barry Rosenthal Revocable Tr. UAD 11-17-2009 v. Equus Prop. Homeowners HOA, Inc.*, 369 So. 3d 719, 722 (Fla. 4th DCA 2023) (quoting *Edwards v. Landsman*, 51 So. 3d 1208, 1213 (Fla. 4th DCA 2011) (internal quotations omitted)). "To state a claim for conversion, one must (1) allege facts sufficient to show ownership of the subject property and (2) facts that the other party wrongfully asserted dominion over that property." *Id.* (quoting *Edwards*, 51 So. 3d at 1213 (internal alterations omitted)).

2

While the allegations supporting Appellants' conversion claims were not overflowing with detail, accepting all of the allegations as true and drawing all reasonable inferences from the allegations in favor of Appellants, they were sufficient to state claims for conversion against Appellees, The Bernstein Firm, LLC and Gun Dog Armory, Inc., respectively. The trial court's order dismissing the second amended complaint with prejudice is reversed as to Appellants' claims for conversion, and this case is remanded to the trial court for further proceedings.

AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.

SMITH and MIZE, JJ., and ORFINGER, R.B., Associate Senior Judge, concur.

Zachary Z. Zermay, of Zermay Law, P.A., Key West, for Appellants.

Juliane M. Brumbaugh, of Nardella & Nardella PLLC, Orlando, for Appellee, The Bernstein Firm, LLC.

Nikie Popovich, of Popovich Law Firm, P.A., Orlando, for Appellees, Gun Dog Armory, Inc. and Casey Hite.

No Appearance for Appellee, Philip Lurie.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

3