517 So.2d 773 (1988)
HARBOUR SQUARE DEVELOPMENT CORPORATION, Appellant,
v.
William K. MILLER and Maxine Miller, Appellees.
No. 87-576.
District Court of Appeal of Florida, Second District.
January 6, 1988.
*774 Daniel Joy, Sarasota, for appellant.
Edwin L. Ford and Frank Strelec, of Dart, Ford, Strelec, Spivey & Bennett, P.A., Sarasota, for appellees.
CAMPBELL, Acting Chief Judge.
Appellees were purchasers under a purchase agreement whereby they contracted to purchase two commercial condominium units from appellant. The purchase agreement prepared by appellant contained the following provision:
Seller does hereby reserve the right to change or amend the Condominium Documents. In the event Seller elects to exercise such right, Seller shall furnish to Buyer a copy of the revised proposed Documents. Buyer shall have fifteen (15) days after receipt within which to approve the same. In the event that Buyer does not approve the said modified Condominium Documents, Buyer shall have the immediate right of cancellation and the right to a return of any deposit money paid to Seller or Escrow Agent hereunder. Such shall be the sole and exclusive right of Buyer relative thereto.
Prior to closing, appellant submitted revised proposed condominium documents to appellees for approval. Appellees did not approve and timely elected to cancel their purchase agreement. Appellant then offered to rescind the proposed change in the condominium documents. Appellees, however, continued to maintain their right to cancel their obligations under the purchase agreement and brought their action in the trial court for the return of their earnest money deposits. The trial court agreed with appellees that appellant's submission of the revised proposed documents triggered appellees' unilateral right to cancel the purchase agreement and entered final summary judgment requiring appellant to return to appellees their deposits. We agree and affirm.
Appellant argues first that the pertinent purchase agreement provision contemplates an actual change in the condominium documents rather than a mere proposed change in order to trigger the appellee/buyer's right to cancel. Appellant further argues that the question of whether there was an actual change in the documents is a question of fact that precludes entry of summary judgment. We agree with the trial judge that the pertinent provision of the contract is clear and unambiguous and gives the buyer an immediate right to cancel upon receipt of "revised proposed Documents." (Emphasis supplied.) Where the determination of the rights of the parties in a contract dispute depends upon the legal effect of clear and unambiguous terms of the contract, the question at issue is one of law and properly the subject of a summary judgment. Kochan v. American Fire & Casualty Co., 200 So.2d 213 (Fla. 2d DCA 1967), cert. denied, 204 So.2d 329 (Fla. 1967).
*775 Since the contract clearly provides for cancellation by the buyers upon receipt of a proposed change of condominium documents, the question of fact as to whether there was an actual or completed change in the documents is, as the trial judge determined, not pertinent.
Appellant also argues that we should engraft onto the agreement of the parties a requirement that any cancellation by the buyers under the terms of the contract be allowed only upon a showing of "good faith" or "just cause." The parties did not require such a showing nor should we impose a condition that the parties themselves did not see fit to impose.
Affirmed.
SCHOONOVER and FRANK, JJ., concur.