619 So.2d 448 (1993)
BB LANDMARK, INC., a Florida corporation, as a General Partner of Bp Landmark Associates, as a Florida General Partner of B.P.M. Associates, a Florida General Partnership, Appellant,
v.
Bertram M. HABER, and Sonia E. Haber, Appellees.
No. 92-2450.
District Court of Appeal of Florida, Third District.
June 8, 1993.
Broad and Cassel, and Javier J. Rodriguez, Miami, for appellant.
Stuart C. Hoffman, Boca Raton, for appellees.
Before BASKIN, COPE and GERSTEN, JJ.
PER CURIAM.
Appellant, BB Landmark, Inc. (the developer), appeals a summary judgment based on section 718.503(1)(a), Florida Statutes (1989), in favor of appellees, Bertram and Sonia Haber (the Habers). We affirm.
*449 This case concerns a condominium buyer's right to cancel a condominium sales contract under section 718.503(1)(a) when a developer unilaterally increases the cost of extras in the contract.
Section 718.503(1)(a), Florida Statutes (1989), provides, in pertinent part:
(1) CONTENTS OF CONTRACTS.  Any contract for the sale of a residential unit ... shall:
(a) Contain the following legend in conspicuous type:... THIS AGREEMENT IS ALSO VOIDABLE BY BUYER BY DELIVERING WRITTEN NOTICE OF THE BUYER'S INTENTION TO CANCEL WITHIN 15 DAYS AFTER THE DATE OF RECEIPT FROM THE DEVELOPER OF ANY AMENDMENT WHICH MATERIALLY ALTERS OR MODIFIES THE OFFERING IN A MANNER THAT IS ADVERSE TO THE BUYER.
Factually, the Habers contracted to purchase a condominium from the developer. The contractual price included $10,384 for extras requested by the Habers. After entering into contract, the developer wrote to the Habers, and unilaterally increased the cost of the extras to $17,122.
Within 15 days of receipt of the developer's increase, the Habers sent written notice of their intent to cancel the contract. Thereafter, the developer agreed to honor the original contract price.
The Habers sued to rescind the contract under section 718.503, Florida Statutes (1989). Thereafter, the Habers moved for summary final judgment under section 718.503 and the trial court granted their motion.
The developer contends that there was no material and adverse amendment to the offering which the Habers could use as a basis for cancellation. Further, the Habers were not prejudiced by the developer's notice of the cost increase because the developer later agreed to honor the original contract. The Habers assert that the developer's amendment was material and adverse, thus permitting statutory cancellation.
No court has interpreted the cancellation rights available under section 718.503(1)(a), upon amendment by a developer. Therefore, our analysis turns on whether the developer's actions, as a matter of law, constitute an amendment which materially alters or modifies the offering in an adverse manner pursuant to section 718.503(1)(a).
When the language of a statute is clear and unambiguous, the statute must be given its plain and ordinary meaning. Aetna Casualty & Sur. Co. v. Huntington Nat'l Bank, 609 So.2d 1315 (Fla. 1992). Here, the statute clearly states that the buyer may cancel the contract upon receipt from the developer of any amendment "which materially alters or modifies the offering in a manner that is adverse to the buyer."
The offering here was the subject matter of the contract  the condominium unit and the extras. The developer amended the original offering when it unilaterally increased the cost of the extras from $10,384 to $17,122. Because the statute is so clear, one does not need to refer to Glanvill's Treatise[1] for clarification. A dictionary will do.
"Materially" is defined as "to a significant extent or degree." The American Heritage Dictionary 806 (New College ed. 1981). The increase is significant here since it represents a 65% increase over the original cost of the extras. "Adverse" is defined as "[c]ontrary to one's interests or welfare; unfavorable." Id. at 19. The Habers' additional indebtedness to the developer, for the same extras, was certainly not favorable to them.
By notifying the Habers of this amendment, the developer triggered the buyers' statutory 15 day right to cancel. Once activated, the window period for cancellation did not close simply because the developer agreed to return to the original contract. *450 Cf. Harbour Square Dev. Corp. v. Miller, 517 So.2d 773 (Fla. 2d DCA 1988) (buyer, with contractual right to cancel sales contract for commercial condominium units if buyer did not approve vendor's proposed modification, could cancel even though vendor offered to rescind change). The developer's actions yielded control of cancellation, albeit temporarily (15 days), to the Habers, who gave the required statutory written notice of cancellation.
We conclude that the Habers were adversely and materially affected by the developer's actions, and therefore affirm the summary judgment under section 718.503(1)(a), Florida Statutes (1989).
Affirmed.
NOTES
[1] Ranulph de Glanvill, Tractatabus de Legibus et Consuetudinibus Regni Anglie Qui Glanville Vocatur (G.D.G. Hall ed. & trans. 1965).