981 So.2d 496 (2008)
Leslie B. GILBERT, et al., Appellants,
v.
BAYVIEW LOAN SERVICING, LLC., Appellee.
No. 3D07-3168.
District Court of Appeal of Florida, Third District.
March 5, 2008.
Rehearing and Rehearing Denied June 5, 2008.
Gilbert & Kaufman, P.A., and Ronald E. Kaufman, Miami, for appellants.
Van Ness Law Firm, P.A., and J. Anthony Van Ness, Deerfield Beach, and Katherine J. Pauls, Miami, for appellee.
Before GREEN, SHEPHERD and CORTIÑAS, JJ.
Rehearing and Rehearing En Banc Denied June 5, 2008.
PER CURIAM.
Leslie and Susan Gilbert, Defendants below, seek certiorari review of an order denying their motion to quash service of process. We treat the petition as an appeal from a nonfinal order. See Fla. R.App. P. 9.130(a)(3); Cole v. Posada, 555 So.2d 367, 368 (Fla. 3d DCA 1989) ("`[J]urisdiction over the person' has been interpreted as referring to whether the service of process was proper or whether the long arm statute has been correctly applied."). The primary argument made at the evidentiary hearing below was that the process server did not read the summons and complaint to Bryce Gilbert, an adult relative whom the process server sought to serve at Defendants' residence in lieu of serving the Gilberts themselves. The process server testified that he "inform[ed Bryce Gilbert] of the context [sic] of the summons. . . ." This is sufficient. See § 48.031(1)(a), Fla. Stat. (2007); cf. Bache Halsey, Stuart, Shields, Inc. v. Mendoza, 400 So.2d 558 (Fla. 3d DCA 1981) (holding default judgment was properly set aside where service of process at the defendant's place of abode was made without informing that person of its contents).
Affirmed.