981 So.2d 496 (2008)
Spencer McGUINNESS, Appellant,
v.
PROSPECT ARAGON, LLC, Appellee.
No. 3D07-1452.
District Court of Appeal of Florida, Third District.
March 12, 2008.
Rehearing and Rehearing Denied June 5, 2008.
*497 Michael J. Schlesinger; Billbrough & Marks, P.A., Coral Gables, and Geoffrey B. Marks, Miami, for appellant.
*498 Law Offices of Brian K. Goodkind and Christopher Bopst, Miami, and Brian K. Goodkind; Adorno & Yoss LLP, for appellee.
Before RAMIREZ and SUAREZ, JJ., and PALMER, Associate Judge.
Rehearing and Rehearing En Banc Denied June 5, 2008.
PALMER, Associate Judge.
Spencer McGuinness (defendant) appeals the trial court's final order entering summary judgment against him in favor of Prospect Aragon, LLC. We affirm.
On February 7, 2006, McGuinness executed a contract to purchase several condominium units from Prospect. McGuinness received all of the required condominium documents on February 9, 2006. Prospect executed the contract on February 15, 2006. The contract required McGuinness to pay a $1 million deposit "upon execution of the agreement." On March 1, 2006, McGuinness attempted to rescind the contract. As of that date, the deposit had not been paid. On March 7, Prospect filed suit against McGuinness claiming breach of contract based upon McGuinness's failure to pay the deposit.
Both parties moved for summary judgment. After conducting a hearing, the trial court ruled that McGuinness had not timely rescinded the contract and had breached the contract by not timely paying the deposit. The trial court entered judgment in favor of Prospect in the amount of $1 million pursuant to the liquidated damage provision contained in the parties' contract. This appeal timely followed.
The statutory right to rescind a contract for the purchase of condominiums is controlled by section 718.503 of the Florida Statutes (2005). That statute specifically provides that any contract for the sale of a condominium unit must contain the following language:
THIS AGREEMENT IS VOIDABLE BY BUYER BY DELIVERING WRITTEN NOTICE OF THE BUYER'S INTENTION TO CANCEL WITHIN 15 DAYS AFTER THE DATE OF EXECUTION OF THIS AGREEMENT BY THE BUYER, AND RECEIPT BY BUYER OF ALL OF THE ITEMS REQUIRED TO BE DELIVERED TO HIM OR HER BY THE DEVELOPER UNDER SECTION 718.503, FLORIDA STATUTES. THIS AGREEMENT IS ALSO VOIDABLE BY BUYER BY DELIVERING WRITTEN NOTICE OF THE BUYER'S NOTICE OF INTENTION TO CANCEL WITHIN 15 DAYS AFTER DATE OF RECEIPT FROM THE DEVELOPER OF ANY AMENDMENT WHICH MATERIALLY ALTERS OR MODIFIES THE OFFERING IN A MANNER WHICH IS ADVERSE TO THE BUYER.
McGuinness contends that, since Prospect did not sign the contract until February 15, the time frame for rescission did not begin to run until that date. We disagree. The unambiguous language of the statute clearly ties the time for rescission to the later of the time that the buyer executes the agreement or receives the required condominium documents.
McGuinness argues that to interpret the statute as it is written renders the right of rescission illusory since the buyer has the common law right to rescind the contract any time up until the time the seller signs it. We disagree.
The statute provides specified rights to the buyer of a condominium under specified circumstances. In all cases, it gives the buyer a 15-day cooling off period to consider whether to go forward with the sale. If the seller signs the contract anytime during that 15-day period, then the statute provides substantive rights to the buyer, since the buyer can rescind the contract even after it has been *499 signed by the seller. In those circumstances in which the seller does not sign the contract within 15 days, the buyer receives no substantive rights, since it could exercise its common law right to withdraw its offer any time during that 15-day period. However, simply because a statute does not provide substantive rights in all factual situations does not mean the statute is unenforceable according to its terms.
We also reject McGuinness' argument that the subsequent change in the contract between the parties allowed the recission period to begin anew. The language of the statute only allows the recission period to begin anew if the amendment modifies the contract in a manner which is materially adverse to the buyer. See B.B. Landmark v. Haber, 619 So.2d 448 (Fla. 3d DCA 1993). The clarified contract entered into by the parties in this case (which was done with a specific agreement that it would not cause the recission period to begin anew) was solely for the benefit of McGuinness and, accordingly, did not cause the recission period to begin to run anew.
McGuinness also argues that the liquidated damage provision in this contract (equal to 8% of the purchase price) is unenforceable. We again disagree. In Lefemine v. Baron, 573 So.2d 326 (Fla. 1991), the Florida Supreme Court held that the deposit in a contract for the purchase and sale of real estate equal to 10% of the purchase price was a valid liquidated damage provision, being neither a penalty nor unconscionable. See also Bradley v. Sanchez, 943 So.2d 218 (Fla. 3d DCA 2006); Johnson v. Wortzel, 517 So.2d 42 (Fla. 3d DCA 1987).
AFFIRMED.