HAZOURI, J.
 

 Richard M. Mastaler (Buyer) and Hollywood Ocean Group, LLC (Developer), entered into a contract for the construction and purchase by Mastaler of Villa IV at the Villas of Positano, a condominium, from the Developer. The original project consisted of the construction of sixty-two residential units and one commercial unit. The purchase agreement contains a provision which tracks section 718.503, Florida Statutes (2008), which provides that a buyer may cancel the agreement of purchase within fifteen days if the developer makes a material amendment that adversely affects the buyer.
 

 In February 2007, shortly before the completion of the project, the Developer notified Mastaler that nine cabanas were being added to the pool area, whose use would be exclusive to those who bought them for $225,000.00. Pursuant to section 718.503 and the Purchase Agreement, the Developer provided notice to Mastaler of the addition, but took the position that the changes were not material or adverse. Mastaler notified the Developer that he chose to exercise his option to cancel the Agreement. The Developer refused to accept the cancellation and return Mastaler’s deposit.
 

 Thereafter, Mastaler filed a declaratory action seeking relief from the Purchase Agreement. After a non-jury trial, the trial court entered a final judgment in favor of the Developer. In the final judgment, the trial court held that Mastaler defaulted under the Purchase Agreement, stating that the addition of the cabanas was not a material change in the Purchase Agreement that was adverse to Mastaler. In accordance with the Agreement’s terms, it awarded the Developer the cash deposit held in escrow in the sum of approximately $300,000.00 plus accrued interest, as well as attorney’s fees and costs. We reverse.
 

 This issue involves a matter of statutory interpretation, namely whether the trial court correctly interpreted and applied section 718.503(l)(a)(l), Florida Statutes (2008). As such, the
 
 de novo
 
 standard of review is applied.
 
 Am. Honda Motor Co. v. Cerasani,
 
 955 So.2d 543, 545 (Fla.2007). The trial court’s “findings of fact from disputed evidence” are upheld if supported by “competent, substantial evidence.”
 
 Acoustic Innovations, Inc. v. Schafer,
 
 976 So.2d 1139, 1143 (Fla. 4th DCA 2008).
 

 As included in the Purchase Agreement, section 718.503(l)(a)(l) provides that an “AGREEMENT IS [] VOIDABLE BY BUYER BY DELIVERING WRITTEN NOTICE OF THE BUYER’S INTENTION TO CANCEL WITHIN 15 DAYS AFTER THE DATE OF'
 
 *1116
 
 RECEIPT FROM THE DEVELOPER OF ANY AMENDMENT WHICH MATERIALLY ALTERS OR MODIFIES THE OFFERING IN A MANNER THAT IS ADVERSE TO THE BUYER.” A change to a purchase agreement is material if a “reasonable buyer under the purchase agreement [would] find the change to be so significant that it would alter the buyer’s decision to enter into the contract.”
 
 D & T Props., Inc. v. Marina Grande Assocs., Ltd.,
 
 985 So.2d 43, 49 (Fla. 4th DCA 2008). “‘Adverse’ is defined as ‘[c]ontrary to one’s interests or welfare; unfavorable.’”
 
 BB Landmark, Inc. v. Haber,
 
 619 So.2d 448, 449 (Fla. 3d DCA 1993) (quoting
 
 The American Heritage Dictionary
 
 806 (New College ed.1981)).
 

 In this case, the amendment to the Purchase Agreement, i.e., the addition of nine cabanas by the pool, is adverse to Mastaler. This is because it is contrary or unfavorable to Mastaler’s interest, as it hinders his use of the common area around the pool in his condo complex. The addition of nine cabanas is also material because a reasonable buyer would find the change significant to their decision to enter into the contract. This is because the addition of the cabanas alters the aesthetic nature of the condo complex, taking up a large portion of the common area space around the pool. It is also material because the change affects the use of the condo’s pool area, requiring an individual to pay $225,000.00 for the use of a cabana.
 

 We reverse the trial court’s decision, as Mastaler provided timely notice of cancellation to the Developer after it had materially and adversely amended the Purchase Agreement, and we direct the trial court to enter a judgment in favor of Mastaler.
 

 Mastaler has raised several other points on appeal which we choose not to address since we are reversing and remanding for an entry of judgment in his favor.
 

 Reversed and Remanded with Directions.
 

 WARNER, J., and SHAHOOD, GEORGE A., Senior Judge, concur.