DAMOORGIAN, J.
The appellant, Anna K. Karayiannakis, appeals the trial court’s entry of final summary judgment in favor of the appellees, Gary Nikolits (Property Appraiser for Palm Beach County), Ann Gannon (Tax Collector for Palm Beach County), and Jim Zingale (Executive Director of the Department of Revenue, State of Florida). We affirm.
The focus of this appeal is the property appraiser’s treatment of the appellant’s real property for taxation purposes. None of the facts were in dispute, so the issue before the trial court was purely legal. We will review the court’s entry of summary judgment de novo. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000) (the standard of review on summary judgment is de novo); see also Fla. Dep’t of Revenue v. City of Gainesville, 918 So.2d 250, 256 (Fla.2005) (the standard for reviewing constitutional interpretations is de novo); Mastaler v. Hollywood Ocean Group, L.L.C., 10 So.3d 1114, 1115 (Fla. 4th DCA 2009) (the standard for reviewing statutory interpretations is de novo).
The appellant owns title to a two-story apartment building containing five units. She lives in one of the units and rents the other four units to tenants. In the tax years 2006 and 2007, she claimed all of her apartment building and the surrounding land as her homestead for property taxation purposes. The property appraiser measured the dimensions of her building and determined that her residence represented approximately thirty-seven percent of the building’s total footprint. As such, the property appraiser concluded that only thirty-seven percent of the land and improvements qualified for special taxation treatment under article VII, sections 4(d) and 6 of the Florida, Constitution. The remaining sixty-three percent of the land and improvements were not afforded any special treatment.
In both 2006 and 2007, the appellant filed petitions with the Value Adjustment Board challenging the property appraiser’s treatment of her property. When she failed to obtain administrative relief, the appellant sued the appellees. The appel-lees moved for summary judgment. The trial court granted the motion and entered final judgment for the appellees.
The appellant contests the trial court’s ruling that her land can be divided into homestead property and non-homestead property, with only the homestead portion qualifying for special property tax treatment under the Florida Constitution. She agrees that her apartment building may be so divided. We do not see any distinction between the property appraiser’s treatment of the appellant’s land and apartment building, and hold that both may be divided between the portion that is used as the appellant’s homestead and the portion that is used as rental property.
“Every person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner, or another legally or naturally dependent upon the owner” is entitled to the homestead taxation exemption set forth in article VII, section 6 of the Florida Constitution and to a limit on the annual increase in the assessed value of that homestead property pursuant to article VII, section 4(d).[1] Section 196.031(l)(a), Florida Stat *846 utes (2007)[2], in which article VII, section 6 is codified, provides that the homestead exemption extends to “the residence and contiguous real property.”
We disagree with the appellant’s contention that the language “contiguous real property” indicates that all of her real property, including that being used as rental property, is entitled to the special tax treatment afforded by article VII, sections 4(d) and (6). The Florida Legislature’s construction of these constitutional provisions guides our analysis. See Greater Loretta Improvement Ass’n v. State ex rel. Boone, 234 So.2d 665, 669 (Fla.1970).
For taxation and finance purposes, the Florida Legislature defines “real estate used and owned as a homestead” as follows:
“Real estate used and owned as a homestead” means real property to the extent provided in s. 6(a), Art. VII of the State Constitution, but less any portion thereof used for commercial purposes, with the title of such property being recorded in the official records of the county in which the property is located. Property rented for more than 6 months is presumed to be used for commercial purposes.
§ 196.012(13), Fla. Stat. (2007) (emphasis added). “Real property” is defined as “land, buildings, fixtures, and all other improvements to land.” § 192.001(12), Fla. Stat. (2007). Thus, any portion of a person’s land, buildings, fixtures, and other improvements that is being used for commercial purposes does not qualify as “real estate used and owned as a homestead.”
In addition to these definitions, the legislature imposed express limitations on the property tax exemption and assessment cap for homestead property. The tax exemption “applies only to those parcels classified and assessed as owner-occupied residential property or only to the portion of property so classified and assessed.” § 196.031(5), Fla. Stat. (2007) (emphasis added). And only property that receives a homestead exemption is subject to section 193.155, Florida Statutes (2007), the codification of article VII, section 4(d)’s assessment cap for homestead property.
The language in these statutes shows that real property is divisible for tax exemption purposes and that the special tax treatment afforded to homestead property in article VII, sections 4(d) and 6 does not apply to non-homestead property. Property used for commercial purposes, which includes rental property, is non-homestead property. Accordingly, the appellant is not entitled to special tax treatment for the portion of her property that she rents to tenants. Our holding is supported by public policy, which favors construing tax exceptions and exemptions against the taxpayer. See Markham v. PPI, Inc., 843 So.2d 922, 925 (Fla. 4th DCA 2003).
*847 We reject the appellant’s equal protection argument without further comment. The property appraiser properly assessed the appellant’s land and apartment building, and the trial court did not err in granting summary judgment in favor of the appellees.

Affirmed.

MAY and CIKLIN, JJ., concur.

. The term "homestead” is used in two other contexts in the Florida Constitution. First, it *846 is used to define property that is protected from forced sale by creditors under article X, section 4(a)-(b) of the Florida Constitution. Second, it is used in the context of devise and descent in article X, section 4(c). The definition of "homestead” in those two contexts is distinct from that term’s definition in the context of property taxation. See Phillips v. Hirshon, 958 So.2d 425, 427 n. 3 (Fla. 3d DCA 2007) ("It is well appreciated in the case law concerning homestead that the definition of homestead property for Article VII, section 6 purposes is not the same as Article X, section 4 of the Florida Constitution.”); see also Crain v. Putnam, 687 So.2d 1325, 1326 (Fla. 4th DCA 1997) ("We recognize that the homestead provisions found in Article VII and Article X of our constitution are separate and distinct, and principles relating to one do not necessarily govern the other.”).

. We cite to the 2007 statutes, noting that the relevant statutory sections did not change between 2006 and 2007.