STEVENSON, J.
This appeal stems from a dispute over several pre-construction purchase agreements entered into between appellants, as purchasers of condominium units, and P.C. — Plantation, LLLP, as developer. The purchasers filed a complaint, alleging that Plantation violated section 718.503, Florida Statutes, by converting the condominiums into a “luxury rental community.” The complaint was dismissed for failure to state a claim. Because the complaint sufficiently stated a claim under section 718.503, we reverse.
Section 718.503(l)(a)l., states, in relevant part, that a contract for the sale of a residential unit must:
*372 Contain the following legend in conspicuous type: ... THIS AGREEMENT IS ALSO VOIDABLE BY BUYER BY DELIVERING WRITTEN NOTICE OF THE BUYER’S INTENTION TO CANCEL WITHIN 15 DAYS AFTER THE DATE OF RECEIPT FROM THE DEVELOPER OF ANY AMENDMENT WHICH MATERIALLY ALTERS OR MODIFIES THE OFFERING IN A MANNER THAT IS ADVERSE TO THE BUYER.
In 2005, Plantation created a subdivision, Grove East, and offered condominium units for sale. Between 2005 and 2006, the purchasers entered into pre-construction purchase agreements with Plantation for condominiums to be built in the subdivision. In 2008, the purchasers learned, during a ceremonial ribbon cutting, that Grove East had been developed into a “luxury rental community.” The purchasers never received notice from Plantation that this change would occur. The purchasers filed their complaint, alleging that the change was material and adverse to them and sought return of their deposits. The purchase agreements contained the following provision:
Seller’s salespeople can show Units, the Association Property and/or the Common Elements, erect advertising signs and do whatever else is necessary in Seller’s opinion to help sell, resell, finance or lease Units....
Plantation filed a motion to dismiss, arguing that Plantation reserved the right to lease units in the purchase agreement; thus, the complaint failed to state a change that materially altered the offering. The trial court agreed and granted the motion.
A trial court’s decision on a motion to dismiss is reviewed de novo. Edwards v. Landsman, 51 So.3d 1208, 1213 (Fla. 4th DCA 2011). This court’s review is limited to the four corners of the complaint, all facts must be accepted as true and all reasonable inferences must be drawn in favor of the pleader. See id.
The complaint sufficiently alleged a claim under section 718.503 by stating that Plantation changed the condominiums into a “luxury rental community” subsequent to executing the purchase agreements. A change to an offering is material where a reasonable buyer would find the change “ ‘so significant that it would alter the buyer’s decision to enter into the contract.’ ” Mastaler v. Hollywood Ocean Grp., L.L.C., 10 So.3d 1114, 1116 (Fla. 4th DCA 2009) (quoting D & T Props., Inc. v. Marina Grande Assocs., Ltd., 985 So.2d 43, 49 (Fla. 4th DCA 2008)). While Plantation reserved the right to lease some units, a full scale conversion of Grove East into a “luxury rental community” may constitute a change to such a degree that it would frustrate a buyer’s reasonable expectations as to the material nature of the offering and alter their decision to enter the agreement. See, e.g., BB Landmark, Inc. v. Haber, 619 So.2d 448, 449 (Fla. 3d DCA 1993) (defining “materially” as “to a significant extent or degree”). This raises a question of fact that is not appropriately disposed of on a motion to dismiss. See Chodorow v. Porto Vita, Ltd., 954 So.2d 1240, 1242 (Fla. 3d DCA 2007) (noting that fact-intensive issues are better disposed of on a motion for summary judgment or at trial, rather than on a motion to dismiss).
Accordingly, the complaint sufficiently stated a claim under section 718.503, and the trial court’s order is reversed.

Reversed.

GROSS, C.J., and GERBER, J., concur.